308 So.2d 120 (1975)
OKALOOSA ISLAND LEASEHOLDERS ASSOCIATION, INC., Appellant,
v.
OKALOOSA ISLAND AUTHORITY, an Agency of Okaloosa County, Florida, Appellee.
No. V-319.
District Court of Appeal of Florida, First District.
February 19, 1975.
*121 Norton Bond, Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for appellant.
Joseph R. Anderson and D. Michael Chesser, Fort Walton Beach, for appellee.
PER CURIAM.
We here consider an appeal from a final judgment in a declaratory judgment action.
Before discussing the merits of the appeal, we find it desirable to discuss the application of the Florida Appellate Rules. We find that with increasing frequency those rules are being ignored. (See American Baseball Cap v. Duzinski, Fla.App. 1st 1975, 308 So.2d 639, and Davis v. Sails, Fla.App. 1st 1975, 306 So.2d 615.
Rule 3.6 Florida Appellate Rules provides, insofar as here material, as follows:
"Rule 3.6 Record-on-Appeal
"a. What Constitutes. The record-on-appeal shall consist either of an original record or a transcript of record, or a stipulated statement prepared in accordance with these rules. * * * The record shall be bound and securely stapled or fastened and no volume shall contain more than 200 pages and the cover sheet of each volume shall state the style of the cause, the court from which it was appealed and the volume number and shall contain an appropriate index.
"b. Duty to Prepare. Enforcement of Duties. The duty of preparing and transmitting to the Court the record-on-appeal shall rest on the clerk of the lower court. * * * Appellant shall see that these duties are complied with and may enforce the same by motion in the lower or appellate court.
* * * * * *
"f. Original Record.
* * * * * *
"(2) Form in Which Papers Transmitted. The original papers, including the transcript of testimony, shall be fastened together in one or more volumes containing not more than 200 pages per volume. The pages of the record as prepared shall be numbered consecutively, and each volume shall include a cover page and a complete index of all papers therein. The clerk's office shall use the flat filing system in the preparation of the record-on-appeal.
"(3) Preface Index. The record shall be securely bound and shall be prefaced with a complete index, which shall state in chronological order the date of the filing of each paper, order or instrument in the lower court, the name or character of the instrument, and the page of the record where the same may be found. Deeds, contracts and the like shall be described by the names of the parties thereto. The names of witnesses and the pages where the testimony of each may be found shall be designated."
The record on appeal in the case sub judice consists of three volumes: Volume I contains 37 pages and Volume II 60 pages. Neither of those volumes have any cover sheet as required by Rule 3.6(a) and Rule 3.6(f)(2). Indeed, neither are designated as being part of the record on appeal, but in view of the fact that each is designated by a volume number we must assume that such was intended. The third volume (which is not so designated) consists of 62 pages plus the clerk's certificate which is on an unnumbered page. It also contains an index as required by Rule 3.6(a) and Rule 3.6(f)(3). That index does not however comply with the directions set forth in the latter rule in that neither the index nor the contents of the volume are in chronological order. The complaint, which normally and logically would constitute the first page of the volume is actually the 32nd item and appears on pages 56 through 59. The motion to dismiss, which normally and logically would be the second item, is item No. 28 appearing on pages 49 and 50. Both the judgment (item 17 appearing on *122 pages 27 through 29) and the amended judgment (item 10 appearing on pages 13 and 14) both precede the complaint and the motion to dismiss. The notice of appeal which logically should be one of the latter items in the index and in the record-on-ap-appeal is item 7 appearing on pages 8 and 9, but instead of the notice of appeal being followed by directions to the clerk it is preceded by that document, same being the first item appearing on page 1. Hunting the various documents in a record consisting of 36 separate items is not unlike the proverbial search for a needle in a haystack. It was to avoid just such confusion that Rule 3.6(f)(3) was promulgated directing that the index (and obviously the contents) be in chronological order.
While the duty of preparing and transmitting the record on appeal rests with the clerk of the lower court, Rule 3.6(b) clearly and specifically provides that the appellant "shall" see that the rules are complied with.
The foregoing recitations are intended as constructive criticism with the hope that for the benefit of the Court and litigants alike the rules might be better observed.
Turning now to the points raised by appellant: Appellant filed a timely motion to dismiss which was denied by the trial court. That denial is assigned as error.[1] Our examination of the complaint reveals that that assignment of error is well taken.
The complaint alleges no doubt on the part of the plaintiff. Neither are the other requisites for a declaratory judgment alleged.
While the existence of an actual controversy is not necessarily a prerequisite to the activation of the court's jurisdiction over a declaratory judgment action, it is clear that there must be a bona fide dispute between contending parties as to a present justiciable issue in order to invoke the declaratory judgment act. (See Brautigam v. MacVicar, Sup.Ct.Fla. 1954, 73 So.2d 863.) Stated another way, to withstand a motion to dismiss, a complaint for declaratory relief must allege facts showing that there is a bona fide, actual, present and practical need for a declaration (May v. Holley, Sup.Ct.Fla. 1952, 59 So.2d 636). The complaint sub judice does not meet that test. Indeed, the complaint clearly shows that there is no actual and present need for a declaration: The issue posed in the complaint involved only a mere possibility of a dispute in the future. The situation in the case sub judice is analogous to that in Bryant v. Gray,[2] wherein the Supreme Court of Florida, holding that the complaint should have been dismissed for lack of a bona fide, actual, present need for a declaration, said:
"His question is hypothetical and is too remote as to time and too uncertain as to contingency. He does not allege that he will be nominated or elected to either the unexpired term or a full term. There is no certainty that he will be.
* * * * * *
"The relief sought should not merely be legal advice by the courts or to give an answer to satisfy curiosity." (70 So.2d at page 584.)
(See also Ervin v. Taylor, Sup.Ct.Fla. 1953, 66 So.2d 816; City of Hollywood v. Broward County, Sup.Ct.Fla. 1951, 54 So.2d 205 and Miller v. Miller, Fla.App. 2nd 1961, 151 So.2d 869.)
Having determined that the motion to dismiss the complaint should have been granted, we find it unnecessary to consider the other points raised by appellant.
We do not here intend to hold that appellee cannot invoke use of the declaratory *123 judgment act, but only that it has not done so. It should be permitted to file an amended complaint if it can and desires so to do.
Reversed and remanded for further proceedings consistent herewith.
BOYER, Acting C.J., and McCORD and MILLS, JJ., concur.
NOTES
[1] Although the assignments of error appear on page 7 of the third volume of the record on appeal, they appear no place in the index.
[2] Sup.Ct.Fla. 1954, 70 So.2d 581.