351 So.2d 403 (1977)
STONEWALL INS. CO., Appellant,
v.
W.W. GAY MECHANICAL CONTRACTOR, INC., Appellee.
No. EE-296.
District Court of Appeal of Florida, First District.
November 8, 1977.
E. Robert Williams of Boyd, Jenerette, Leemis & Staas, P.A., Jacksonville, for appellant.
S. Gordon Blalock of Blalock, Holbrook & Akel, P.A., Jacksonville, for appellee.
SMITH, Acting Chief Judge.
An appeal from a circuit court judgment declaring the parties' rights concerning liability coverage under Stonewall's insurance policy. As against Stonewall's contention that suit under Chapter 86, Florida Statutes (1975) was premature because the insured's liability to the claimant is not yet established, the circuit court properly held that Stonewall's letters to the insured, unequivocally disclaiming coverage of certain of the claims, entitled appellee to a declaratory judgment. To the extent claimant's complaint was sufficiently specific to induce Stonewall to take a firm position that coverage was not afforded, thereby producing a real and present dispute between insurer and insured, the court was justified in finding "a bona fide, actual, present and practical need for a declaration." Okaloosa Island Leaseholders Ass'n, Inc. v. Okaloosa Island Auth., 308 So.2d 120 (Fla.1st DCA 1975). If Stonewall's "reservation of rights" letters had stopped short of disclaiming liability and had sought only to preserve Stonewall's right to contest coverage upon maturation of claimant's action, the case would be different.
Because appellee's action to establish its rights under the policy was justified, resulting in "rendition of a judgment or decree ... against an insurer and in favor of an insured ... under a policy or contract executed by the insurer," the trial court's award of attorney's fees to the insured was likewise proper. Section 627.428(1), Florida Statutes (1975). We have considered such decisions as Manufacturers Life Ins. Co. v. Cave, 295 So.2d 103 (Fla. 1974) and Equitable Life Assur. Soc., etc. v. Nichols, 84 So.2d 500 (Fla. 1956), which hold that the insurer is not liable for fees when *404 there has been no wrongful refusal to pay. Those decisions were concerned with an insurer's neutral position in the face of conflicting claims by beneficiaries and are not authority for denying a fee award to an insured whose coverage is wrongfully repudiated by the insurer before determination of the insured's liability to the claimant. Appellee's motion for an allowance of fee money for the services of its counsel on appeal is also GRANTED, and the case is remanded for determination of the amount.
AFFIRMED.
ERVIN and MELVIN, JJ., concur.