**AMERICAN FOOD MANAGEMENT, INC., Appellant,**

v.

**TRANSAMERICA INSURANCE COMPANY, a corporation, and Juanita Rae Couch, Respondents.**

**No. WD 31598.**

Missouri Court of Appeals, Western District.

Nov. 3, 1980.

Richard C. Thomas, Bear, Hines & Thomas, Columbia, for appellant.

Taylor, Stafford, Gannaway & Woody, Leland L. Gannaway, Monte P. Clithero, Springfield, for respondent Transamerica Insurance Co.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

PER CURIAM.

American Food Management, Inc., (hereinafter insured) filed a declaratory judgment action in the Circuit Court of Boone County against Transamerica Insurance Company (hereinafter insurer) seeking a declaration of rights as to coverage under a policy of liability insurance issued by insurer to insured. Juanita Rae Couch (hereinafter Couch), claimant in a pending tort action against insured, was joined as an additional defendant. A judgment denying declaratory relief prompted an appeal by insured.

A pending tort action brought by Couch against insured in the Circuit Court of Polk County was being defended by insurer on behalf of insured under a "reservation of rights". The nature of insurer's "reservation of rights", both as to form and content, nowhere appears in the record. However anomalous it may sound, precisely what coverage question or questions prompted the insurer to assume defense of the pending action under a reservation of rights, whether due to the insured's purported violation of a policy condition or the purported applicability of a policy exclusion, is never definitively disclosed by either the pleadings or the evidence. Nor do the briefs of the respective parties on appeal fill this void.

The insured's prayer for declaratory relief was couched in broad terms–that the court enjoin Couch from prosecuting the tort action pending in Polk County until the issues in the declaratory judgment action were determined,[1] and that the court declare that insurer was obligated to defend the pending tort action on behalf of insured "without reservation of any right" and pay any damages recovered by Couch therein "up to the limits of the policy." Following a bench trial, judgment was entered denying the relief sought by insured in toto, which, as disclosed by conclusions of law drawn by the trial court, was premised on grounds that insured had not met its burden of proving the "existence of a justiciable controversy" and that by reason of its failure to do so no controversy "ripe for a declaratory judgment" was presented.

Insured alleged in its petition for declaratory judgment, among other things, that the claim asserted by Couch in the pending tort action fell within the terms of the coverage afforded by the policy of liability insurance issued by insurer to insured. A look at the petition in the underlying tort action pending in the Circuit Court of Polk County, a copy of which was introduced in evidence, reveals that Couch alleged that she was an employee of Southwest Baptist College and that as a direct and proximate result of food particles on the floor and insufficient lighting she slipped, fell and sustained injuries in a food serving area on the premises of Southwest Baptist College in Bolivar, Missouri, which insured had contractually assumed responsibility for cleaning under a "food service" agreement entered into with Southwest Baptist College. The trial court, in essence, incorporated the aforementioned in one of its findings of fact. A copy of the "food service" agreement was incorporated by reference in Couch's petition. Insofar as here pertinent insurer, in its answer to insured's petition for declaratory judgment, denied, without explication, that Couch's claim fell within the terms of the coverage afforded by said policy.

1. This issue was never addressed by the trial court nor by any of the parties on appeal, in view of the bases relied upon by the trial court for denying the declaratory relief sought by insured.

The vacuous nature of the record in repeated instances makes it extremely difficult to relate the basis of the judgment rendered by the trial court to record. Certain other findings of fact recited by the trial court in the judgment rendered in the declaratory judgment action suggest that it assumed, albeit sub silentio, that a particular exclusion in the liability insurance policy in question prompted the insurer to defend the ancillary tort action under a reservation of rights. By way of elucidation, the following additional findings of fact, among others, were made by the trial court: that the "food service" agreement between insured and Southwest Baptist College "provides in pertinent part" that "Southwest Baptist College will make available to American Food, Inc. adequate food preparation and food service area completely equipped and ready to operate. Southwest Baptist College will make all repairs and replacements of equipment and furnishings in such area and furnish building maintenance service therein" and, also, that "American Food, Inc. will be responsible for the cleaning and sanitation of the food preparation area, snack bar area and serving area, including the inside windows of the service area"; and, further, that the policy of liability insurance issued by insurer to insured excluded coverage for "Blanket Contractual Hazard" which was defined therein as "liability assumed by the insured under any contract or agreement except an incidental contract, but this definition does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner."

The findings of fact heretofore recited, conjoined with the conclusions of law drawn by the trial court, latently suggest that the trial court concluded that whether insured was contractually responsible for the conditions in the area where Couch alleges she slipped and fell, as pleaded by Couch in her petition, was a common issue in both the pending tort action and the declaratory judgment action whose resolution, in either instance, required a construction of the "food service" agreement entered into between insured and Southwest Baptist College. Going a step further, the trial court may well have concluded that construction of the "food service" agreement in the pending tort action to the effect that insured was contractually responsible for the area where Couch slipped and fell was an essential element of Couch's case against insured, and, likewise, an identical construction was a condition precedent to construing and determining the applicability vel non of the exclusionary clause recited in the trial court's findings of fact.

Although no cases precisely in point have been cited or found, a number of principles have been gleaned from this and other jurisdictions which give some direction for determining whether the trial court erred, as claimed by the insured on appeal, in holding that insured had not met its burden of proving the "existence of a justiciable controversy" and that by reason of its failure to do so no controversy "ripe for declaratory judgment" was presented.

In *Farmers Alliance Mut. Ins. Co. v. Reed*, 530 S.W.2d 470 (Mo.App.1975), the court held that rendition of a judgment against an insured in a pending tort action was not a condition precedent to the existence of a justiciable controversy in a declaratory judgment action brought by an insurer to resolve a question of coverage under a liability insurance policy. After recognizing judicial existence of a distinction between jurisdiction of a court to grant declaratory relief and discretion vested in a court to exercise such jurisdiction, the court concluded that under the facts presented the trial court had not abused its discretion in electing to exercise its jurisdiction in the declaratory judgment action.

In *Commonwealth Insurance Agency, Inc. v. Arnold*, 389 S.W.2d 803, 807–08 (Mo. 1965), the court noted that "by far the greater number of actions for declaratory judgment to determine whether or not a particular claim is within the coverage of insurance are brought by the insurer.... In such case, the fact that no judgment has been obtained against the insured so that

the amount, if any, of the insurer's liability is at the particular stage of the proceedings unknown is no bar to the insured's [sic] action to disclaim liability, which action may, of course, terminate in a judgment declaring the insurer liable for any loss.... Although a declaratory judgment action by an insured to establish the insurer's liability is the more infrequent form which the proceeding assumes, we perceive no reason why the elements of a justiciable controversy may not be present in either situation."

Although no Missouri cases directly in point have been cited in the respective briefs or disclosed by this court's independent research, a number of jurisdictions hold that an insurer defending a tort action on behalf of its insured under a reservation of rights is not precluded from bringing a declaratory judgment action to adjudicate a coverage question during the pendency of the underlying tort action. *Allied Mutual Insurance Company v. Hingst*, 360 F.Supp. 1204 (D.C.D.N.D.1973); *Harleysville Mutual Casualty Ins. Co. v. Carroll*, 123 A.2d 128 (Del.Super.Ct.1956); *Southern Trust Ins. Co. v. Eason*, 134 Ga.App. 827, 216 S.E.2d 667 (1975); *Farmers Automobile Insurance Assn. v. Janusick*, 30 Ill.App.2d 352, 174 N.E.2d 705 (1961); and *Iowa National Mut. Ins. Co. v. Liberty Mut. Ins. Co.*, 43 Wis.2d 280, 168 N.W.2d 610 (1969). Reliance on the rationale reflected by *Commonwealth Insurance Agency, Inc. v. Arnold, supra*, in concert with that reflected by the cases immediately heretofore cited, persuasively suggests that when, as here, the insurer, although defending under a reservation of rights, has by its responsible pleading to the insured's petition for declaratory judgment solemnly disclaimed coverage for the cause of action pleaded in the pending tort action, the insured, as well as the insurer, should have the right to adjudicate a disputed coverage question by way of a declaratory judgment action during the pendency of the underlying tort action.

Although, as previously noted, no case exactly in point, Missouri or otherwise, has been cited or found, *Stonewall Ins. Co. v. W. W. Gay Mechanical Contractor, Inc.*, 351 So.2d 403 (Fla.Dist.Ct.App.1977), cited by insurer in its brief, appears to be the closest case in point. In *Stonewall*, an insured filed an action for declaratory judgment against its insurer during the pendency of an underlying tort action. The insurer appealed from an unfavorable circuit court judgment declaring the rights of insurer and insured concerning coverage afforded by a policy of liability insurance. The action for declaratory judgment was apparently precipitated by a reservation of rights letter sent by the insurer to the insured. The judgment of the trial court was affirmed, and in response to the insurer's contention on appeal that the declaratory judgment action brought by the insured was premature because the insured's liability to the tort claimant had not been established, the appellate court held as follows, 351 So.2d at 403: "[T]he circuit court properly held that Stonewall's letters to the insured, unequivocally disclaiming coverage of certain of the claims, entitled appellee [insured] to a declaratory judgment. To the extent claimant's complaint was sufficiently specific to induce Stonewall to take a firm position that coverage was not afforded, thereby producing a real and present dispute between insurer and insured, the court was justified in finding 'a bona fide, actual, present and practical need for a declaration.' ... If Stonewall's 'reservation of rights' letters had stopped short of disclaiming liability and had sought only to preserve Stonewall's right to contest coverage upon maturation of claimant's action, the case would be different." The insurer seizes upon the last sentence contained in the aforementioned quote from *Stonewall* and argues that since it had never "unequivocably [sic] disclaimed coverage" the dictum enunciated therein should be adopted by this court in support of insurer's contention that the trial court properly held that no justiciable controversy was presented by the insured in the instant case. The fallacy of insurer's argument lies in the fact that it unequivocally disclaimed coverage in its answer to insured's petition for declaratory judgment, and, by doing so, thereby raised a justiciable controversy–whether coverage

was afforded under its liability policy for the claim asserted and pleaded by Couch—even though its reservation of rights, in whatever form it took, may have fallen short of doing so. Once insurer filed its answer and flatly disclaimed coverage, absent any indication that it was willing to continue its defense of the pending tort action and defer determination of any coverage question until maturation of the pending tort action, its argument that no justiciable controversy existed fails to wash. Insurer's denial of coverage by way of its answer to insured's petition for declaratory judgment was tantamount to a denial of any obligation to pay, within the limits of its policy, any judgment, if any, obtained by Couch in the pending tort action and, as well, a denial of any obligation on its part to continue defending the pending tort action on behalf of insured since, under the facts presented, any obligation on insurer's part to defend was coextensive with the existence or nonexistence of coverage. From a pragmatic standpoint, insured was placed in the untenable position, if insurer continued to provide a defense, of having the pending tort litigation controlled by one who had disavowed any financial obligation with respect to any judgment, if any, that might ensue, and in the tenuous position that insurer, for all practical purposes, had announced that it had a right to withdraw its defense on behalf of insured at any stage of the litigation.

In summation, if an insurer who is defending a tort action under a reservation of rights is said to present a justiciable controversy when it seeks declaratory relief as to a coverage question during the pendency of a tort action, then an insured may also be said to present a justiciable controversy when it seeks declaratory relief as to a coverage question during the pendency of a tort action when the insurer had unequivocally disclaimed coverage. No good reason appears why the insured should not have a reciprocal right under such circumstances to have the justiciable controversy adjudicated.

In view of the trial court's findings of fact a vexing question surfaces which warrants mentioning. As pointed out in *Farmers Alliance Mut. Ins. Co. v. Reed, supra,* a distinction is judicially recognized "between the jurisdiction of a court to grant declaratory relief and the exercise of discretion pursuant to that jurisdiction." Id. 530 S.W.2d at 474. Concomitantly, in 135 A.L.R. 934, captioned "Jurisdiction of declaratory action as affected by pendency of another action or proceeding", the author of the text states, 135 A.L.R. at 935, citing cases from jurisdictions other than Missouri, that "it seems that relief by declaratory judgment has been denied to the plaintiff even though only one of the parties to the declaratory action (either defendant or plaintiff) was a party to the pending action or proceeding, if the issues involved in the declaratory action were also involved and determinable in the pending action or proceeding." The author noted that refusal to grant declaratory relief under such circumstances was variously predicated either on the power of a court, as a matter of judicial discretion, to refuse to entertain jurisdiction, or on the basis of a complete lack of jurisdiction. As textually stated in 26 C.J.S., Declaratory Judgments, § 21, p. 90, "[a]lthough the procedure under declaratory judgment actions is anticipatory, the discretion to grant or refuse declaratory relief should not be exercised for the purpose of anticipating the trial of an issue in a court of coordinate jurisdiction." Although the judgment rendered by the trial court in the instant case was cast in terms of insured's failure to meet its burden of proving the "existence of a justiciable controversy" and by reason thereof "no controversy ripe for a declaratory judgment" was presented, the findings of fact and conclusions of law recited in the judgment suggest an abiding concern on the part of the trial court as to whether it should entertain jurisdiction of the coverage question because of a common issue inextricably involved in both the declaratory action and the pending tort action, i. e. construction of patently conflicting clauses contained in the "food service" agreement entered into between the insured and Southwest Baptist College. Such

a concern, if in fact it existed in the mind of the trial court, would be real rather than imaginary in the sense that entertainment of the declaratory action on the merits of what it supposedly perceived as the coverage question involved would be tantamount to forcing Couch to litigate an essential element of her pending tort action in a forum obviously not of her choosing. Thus, the previously cited authorities raise a potentially viable question, namely, whether refusal by the trial court to entertain jurisdiction of this declaratory action would constitute a proper exercise of its judicial power of discretion. This would be true whether the declaratory judgment action was brought by the insurer or by the insured.

This court is not unmindful of a duty on its part, unless justice requires otherwise, to finally dispose of a case on appeal. Rule 84.14. However, any duty to make final disposition "presupposes a record and evidence upon which we can perform this function with some degree of confidence in the reasonableness, fairness and accuracy of our conclusion; and, when such record and evidence are not presented, reversal and remand necessarily follow." *Capoferri v. Day*, 523 S.W.2d 547, 558 (Mo. App.1975). It is patent that an adequate record from which to make a final disposition in this case does not exist. Perhaps the most glaring void is the lack of anything of record, absent indulging in speculation, spelling out the precise nature of the coverage question in contention. Moreover, the briefs of the respective parties on appeal are restricted to the sole issue of whether or not a justiciable controversy was presented. Neither brief cites any authorities nor advances any arguments indicating how the coverage question ostensibly assumed by the trial court should be resolved. In face of the absence of a ruling by the trial court on the merits of any coverage question, and an opportunity afforded the respective parties on appeal to brief any issues tendered thereby, considerations of justice augur against any final disposition of this case on appeal.

If the trial court on remand of this case, in the exercise of its judicial power of discretion, entertains jurisdiction of insured's declaratory judgment action a note of caution is sounded should the trial court declare that coverage and an unquestioned duty to defend exist. Said policy contains what may be fairly described as a standard cooperation clause which should be taken into account regarding insured's continuing duty of cooperation in connection with the concomitant declaration sought by insured that insurer pay any damages recovered by Couch "up to the limits" of the policy of liability insurance issued by insurer to insured.

Mention of certain peripheral matters, supra, should in no way be construed as indicative of an expression of opinion by this court as to whether the trial court, in the exercise of its discretion, should or should not entertain jurisdiction of insured's declaratory judgment action, or, if it does, how any coverage question should be resolved. They are matters whose ultimate resolution must await another day.

Judgment reversed and cause remanded for further proceedings.

All concur.