530 So.2d 990 (1988)
C.A. REGISTER, Appellant,
v.
Thomas C. PIERCE and Hvide Shipping Incorporated, Appellees.
No. 87-1699.
District Court of Appeal of Florida, First District.
August 22, 1988.
*991 Al Millar, P.A., Jacksonville, for appellant.
Nolan S. Winn of Webb, Swain & O'Quinn, P.A., Jacksonville, for appellees.
ZEHMER, Judge.
C.A. Register appeals the lower court's dismissal of his second amended complaint on the ground that it fails to state a cause of action for either declaratory or injunctive relief. Finding no error, we affirm.
The pertinent facts, as alleged, are as follows:
Appellant, Register, is a bar pilot licensed to pilot all classes of vessels utilizing the Port of Jacksonville. Appellee Hvide Shipping, Inc. (Hvide) owns several vessels that regularly utilize this port and, pursuant to chapter 310, Florida Statutes, is required to use a licensed bar pilot upon port entry and departure.[1] Appellee Thomas Pierce (Pierce) is a vessel master employed by Hvide.
The Board of Pilot Commissioners for the state of Florida (the Board) determined that twelve licensed bar pilots and one deputy pilot are required to safely and efficiently handle the port of Jacksonville navigation. Thereafter, twelve licensed bar pilots, operating as twelve independent contractors, joined together and formed the St. Johns Pilot Association (the Association), an unincorporated business association, for the purpose of maintaining a pilot duty station. Six of the Association's pilots are on round-the-clock duty for a two-week period while the remaining six pilots are off duty. Assignments to on-duty pilots are chronologically rotated with the pilot dispatcher assigning pilots to vessels in the order in which the pilot requests are received from the vessels. While this system insures that each pilot is afforded the maximum possible rest between assignments, it precludes predetermination of which pilot will be assigned to a particular vessel.
On several occasions prior to and including March 10, 1984, Register was assigned to pilot a vessel owned by Hvide and under the command of Pierce. Register's navigational duties required that he direct navigational commands to Pierce, which Pierce was to relay to the vessel's quartermaster. Register observed Pierce relaying commands different from those directed to him and, concerned that the erroneous orders were affecting the safety of the operation, advised Pierce to relay the same orders received.
On or about March 15, 1984, Pierce sent a letter to Hvide accusing Register of incompetence and requesting that Hvide prevent future assignments of Register to his vessel. On March 21, 1984, Hvide notified the Association that it would no longer permit Register to pilot any of its vessels. The Association responded to Hvide that the designation or refusal of a particular pilot would create a hardship on all the pilots and would affect the operation of the duty station.
*992 Hvide filed a complaint against Register with the Board of Pilot Commissioners requesting that the Board prevent Register from piloting its vessels. The Board referred the letter to the office of the Attorney General, who responded that the Board has no authority to instruct either Register or the Association to comply with Hvide's request. The Attorney General's memorandum states that the Board may properly restrict a pilot's activities upon a conclusion of negligence, misconduct, or incompetence, but such can be accomplished only as a result of the filing of an administrative complaint to discipline the licensee and a finding of guilt on the charges contained in that complaint.
On June 12, 1987, Register filed the second amended complaint, which is the subject of this appeal. The complaint requests declaratory relief on the ground that Register is in doubt as to whether (1) in the absence of disciplinary action pursuant to section 310.101, Florida Statutes (1987), Hvide or any other vessel owner can refuse to accept the services of a licensed bar pilot, and (2) the designation or refusal of a particular bar pilot affects the efficiency and safety of piloting operations in the state's navigable waters. The complaint additionally requests that damages be awarded and that appellees be enjoined from continuing to refuse to allow Register to board and pilot their vessels on the ground that appellees' actions amount to willful, malicious, and intentional interference with Register and the other eleven association pilots' business relationship.
Pursuant to appellees' motion, the court dismissed this complaint on the ground that it failed to state a cause of action and granted Register one final opportunity to file an amended complaint. Register elected to stand on the sufficiency of the second amended complaint, and filed this appeal.
We first address Register's request for a declaratory judgment
declaring that the safety and efficiency of piloting operations in the State of Florida is entrusted to the Board of Pilot Commissioners and that the Defendant, HVIDE, may not refuse the services of any licensed pilot on the grounds of alleged incompetence unless and until the Board of Pilot Commissioners has so determined pursuant to the provisions of Florida Statute, Section 310.101.
A dispute giving rise to a declaratory judgment proceeding must be based upon some definite and concrete assertion of right the contest of which involves the legal or equitable relations of the parties. Colby v. Colby, 120 So.2d 797 (Fla. 2d DCA 1960). In short, the dispute must be justiciable. Id. at 799. It matters not whether the plaintiff in a declaratory judgment action will be entitled to a declaration granting him the rights he seeks, Hankins v. Title and Trust Company of Florida, 169 So.2d 526 (Fla. 1st DCA 1964), but he must have a colorable right that will be directly affected by the requested declaration. Bowden v. Seaboard Air Line R.R. Co., 47 So.2d 786 (Fla. 1950); 19 Fla.Jur.2d Declaratory Judgments, § 44 (1980).
We are unable to discern from the amended complaint any allegation of fact or law tending to show that Register has an enforceable right that would be affected were he to succeed in obtaining the requested declaration. Register has alleged no facts showing that he has an enforceable right to provide piloting services to appellees. He asserts that he is in doubt as to whether, under Chapter 310, Florida Statutes, appellees can refuse to accept his services when offered; but nothing in the cited chapter purports to give bar pilots a vested right to any particular employment; that is, the right to compel any ship owner to accept any particular pilot against its will, or to obligate such pilots to accept any particular employment. In short, Register has not alleged any basis for even a colorable right to compel Hvide or Captain Pierce to accept him as a pilot over their objections, any more than Hvide could compel Register to serve on its ship over his objections.
Register further asserts that he is in doubt as to whether a ship owner's designation or refusal of a specific pilot's services affects the efficiency and safety of piloting operations. Once again, however, the amended complaint fails to allege that Register has even a colorable right, personal to him, to compel his employment in the *993 interest of efficiency and safety of piloting operations. The Declaratory Judgment Act does not give courts jurisdiction to entertain declaratory judgment actions where the plaintiff is merely seeking an answer to satisfy his curiosity. Bryant v. Gray, 70 So.2d 581 (Fla. 1954). The lower court properly dismissed Register's claim for a declaratory judgment.
The nature of the action Register attempted to allege in count II of the subject complaint is somewhat confused. This count alleges that it is an action for damages and injunctive relief, recites that appellees have intentionally and maliciously interfered with Register's business relationship with the other bar pilots, and prays that the court enjoin appellees from refusing to allow him to board and pilot their vessels. Regardless of whether Register is by this count seeking damages for the tort of intentional interference with a business relationship, or merely requesting an injunction, or both, the complaint does not contain sufficient allegations to support either cause of action. For an injunction to be granted, the requesting party must have a clear legal right, free from reasonable doubt. Dania Jai Alai v. Murua, 375 So.2d 57 (Fla. 4th DCA 1979). As previously stated, Register has not demonstrated that he has an enforceable legal right to pilot Hvide's vessel over its objection. Thus, the complaint fails to state a cause of action for injunctive relief.
To plead a prima facie case of tortious interference with a business relationship, a plaintiff must establish: (1) that a business relationship existed, not necessarily evidenced by an enforceable contract; (2) that the defendant knew of the relationship; (3) that the defendant intentionally and unjustifiably interfered with the relationship; and (4) that plaintiff suffered damages as a result of the breach of the relationship. Tamiami Trail Tours, Inc. v. Cotton, 432 So.2d 148 (Fla. 1st DCA 1983), aff'd in part, disapproved in part on other grounds, 463 So.2d 1126 (Fla. 1985). Of course, the alleged business relationship must afford the plaintiff existing or prospective legal or contractual rights. See Procacci v. Zacco, 402 So.2d 425 (Fla. 4th DCA 1981). The subject complaint does not allege any facts to demonstrate that the business relationship between Register and the other eleven members of the Association afforded Register any legal rights that have been substantively damaged due to Hvide's alleged conduct; on the contrary, Register alleges that each of the twelve members of the Association is an independent contractor in respect to piloting services for vessels and their owners and masters. The complaint also fails to allege that appellees knew of any "business relationship" between Register and the Association, and fails to set forth any damages that allegedly have resulted to Register. The complaint contains insufficient allegations to support a cause of action for tortious interference with Register and the Association's relationship.
The lower court correctly concluded that the amended complaint failed to allege a cause of action.
AFFIRMED.
SHIVERS and THOMPSON, JJ., concur.
NOTES
[1] Section 310.141, Fla. Stat. (1987). Piloting a vessel without a license is a misdemeanor and subjects the vessel or its owner to paying double the pilotage rates otherwise applicable. Section 310.161, Fla. Stat. (1987).