573 So.2d 926 (1991)
STRACHAN SHIPPING COMPANY, Appellant,
v.
Alvin SPIGNER, Rudell Hickson, Napoleon Jackson, Leonard Surrency, Ernest L. Smith, Lawrence Benjamin, Robert L. Jackson, Lucious Smith, Harley Jackson, Hollice Robinson, Samuel Wilson, Joaquin Barreras, Eddie J. Fuller and Robert L. Haywood, Appellees.
No. 90-00605.
District Court of Appeal of Florida, First District.
January 3, 1991.
Rehearing Denied February 7, 1991.
Carl Scott Schuler of Tygart & Schuler, Jacksonville, for appellant.
Joshua A. Whitman of Harris, Guidi, Rosner, Ceballos & Daze, Jacksonville, for appellees.
WOLF, Judge.
Strachan Shipping Company (Strachan) appeals from a final order dismissing with prejudice appellant's complaint for declaratory *927 judgment. We find the trial court's action to be in error and reverse.
On September 25, 1989, Strachan filed a declaratory judgment action against 14 workers who were allegedly injured when the trailer they were riding in was involved in an accident. The trailer was attached to a vehicle owned by Strachan. Strachan had previously been sued by one of the injured workers (Spigner) and anticipated being sued by the remaining workers. In the instant case, Strachan is seeking a judicial determination that it is immune from liability pursuant to the Workers' Compensation Act (section 440.11, Florida Statutes). Strachan had previously asserted this defense in the lawsuit filed by Spigner. In that case, the court entered a summary judgment which found that Strachan was not entitled to assert the immunity provided for in section 440.11, Florida Statutes. This case was consolidated with Strachan's declaratory judgment action.
In the instant case, the defendants filed motions to dismiss the declaratory judgment action, asserting that the complaint failed to allege sufficient facts demonstrating that the plaintiff was entitled to the relief requested. After hearing, the trial court entered a final judgment of dismissal. The court did not state the reasons for the dismissal and did not grant the plaintiff leave to amend the complaint.
Appellees assert that dismissal with prejudice was proper in the instant case because 1) the summary judgment in the previous case acted as collateral estoppel, precluding appellant from relitigating the same issue; 2) the complaint for declaratory relief involved purely factual issues and was, thus, inappropriate for declaratory relief; and 3) the complaint failed to allege a bona fide present dispute, but merely the possibility of a future dispute. We find that these reasons do not support the dismissal with prejudice.
A motion to dismiss based on the affirmative defense of collateral estoppel or res judicata may not be granted unless such defense is established on the face of the complaint. Byrd v. City of Niceville, 541 So.2d 696 (Fla. 1st DCA 1989), rev. denied, 548 So.2d 662 (Fla. 1989). In the instant case, such a defense was not established by the complaint and, thus, dismissal for this reason was inappropriate.
We further find that the other reasons asserted by appellees do not support dismissal of the complaint without leave to amend. Thompson v. McNeill Co., Inc., 464 So.2d 244 (Fla. 1st DCA 1985). While the complaint is somewhat vague, it appears that the plaintiff's request for relief involved a determination of the applicability of the immunity contained in section 440.11, Florida Statutes, to an ascertainable set of facts. Section 86.011 states:
Jurisdiction of circuit court.  The circuit courts have jurisdiction to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed. No action or procedure is open to objection on the ground that a declaratory judgment is demanded. The court's declaration may be either affirmative or negative in form and effect and such declaration has the force and effect of a final judgment. The court may render declaratory judgments on the existence, or nonexistence:
(1) Of any immunity, power, privilege, or right; or
(2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future. Any person seeking a declaratory judgment may also demand additional, alternative, coercive, subsequent, or supplemental relief in the same action.
§ 86.011, F.S. (1989) (emphasis supplied). The determination of the existence of an immunity as in the instant case is an appropriate subject for declaratory relief. State Farm Fire & Casualty Co. v. Cronk, 530 So.2d 445 (Fla. 4th DCA 1988).
The complaint also establishes that one plaintiff had filed suit and that the others were "passengers in the trailer and also claim to have received injuries. All have made claims or have potential claims *928 against plaintiff for the alleged injuries." (Emphasis supplied). Where a suit has been filed by one party and claims asserted by the others, it cannot be said conclusively that there is not a "real and present dispute" nor that there is not "a bona fide, actual, present, and practical need for a declaration." See Stonewall Ins. Co. v. W.W. Gay Mechanical Contractor, Inc., 351 So.2d 403 (Fla. 1st DCA 1977).[1] Under these circumstances, the entry of a dismissal with prejudice was in error.
The order of dismissal is, therefore, reversed and the case remanded for further proceedings consistent with this opinion.
JOANOS and BARFIELD, JJ., concur.
NOTES
[1] While the complaint could have been clearer concerning the number of parties actually making claims and how those claims were asserted, in light of the fact that the complaint alleges that all parties involved have claimed to have received injuries and that a number of them have actually asserted claims, it appears that the plaintiff can establish that a real and present dispute exists.