582 So.2d 64 (1991)
DIXIE INSURANCE COMPANY, Appellant,
v.
Evelyn O. GAFFNEY, Individually, and As Next Friend of Perry Gaffney and Keith R. Green, Appellees.
No. 90-1960.
District Court of Appeal of Florida, First District.
June 14, 1991.
Rehearing Denied July 22, 1991.
Janet DeLaura Harrison of Smalbein, Johnson, Rosier, Bussey, Rooney & Ebbets, P.A., Rockledge, John W. Bussey, III, Orlando, for appellant.
Lefferts L. Mabie, III, Lefferts L. Mabie, Jr. and Mark J. Proctor of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, Michael D. Hook, Pensacola, for appellees.
NIMMONS, Judge.
Appellant, Dixie Insurance Company, appeals from a final order dismissing its declaratory judgment action wherein Dixie sought a declaratory judgment declaring that it was not guilty of bad faith with respect to the claim of negligence (auto accident) against appellee Green, Dixie's insured.
Prior to the filing of Gaffney's negligence suit against Green, Dixie was notified of the accident, a file was opened and the case was assigned to an adjuster. A letter demanding policy limits was sent by Gaffney's attorney but was misplaced by someone in Dixie's office. After receiving no reply from his demand letter, Gaffney's attorney withdrew his offer via letter to Dixie. Subsequently, Dixie sent a letter and a draft representing policy limits to Gaffney's attorney who rejected the tender and filed suit against Green. Thereafter, during the pendency of the tort action, Dixie filed the instant declaratory judgment action seeking a judgment finding that Dixie was not guilty of bad faith in its handling of Gaffney's claim.
*65 Pursuant to a stipulation between Green and Gaffney, the trial court in the tort action stayed the tort action pending resolution of the instant declaratory judgment suit. Subsequently, a hearing was held in the declaratory judgment suit in which the court heard arguments on Dixie's motion for summary judgment. At the hearing, the trial judge announced that he was dismissing the suit because "there is no case of [sic] controversy that has ripened to create an issue of justifiability [sic][1] ..." and that the court therefore was without jurisdiction to hear the case.
The ensuing order dismissed the suit on the basis that the court was without jurisdiction to hear the case. Alternatively, the court found that Dixie would not be entitled to summary judgment, even if the court did not dismiss the case, because "there exist genuine issues of material fact so that summary judgment would be inappropriate." The order also found that "declaratory judgment is inappropriate for determination of questions of fact." In addition, the order found that Section 624.155, Florida Statutes, did not preempt the common law cause of action for bad faith failure to settle. We will address only the propriety of the trial court's dismissal of the suit because our affirmance thereof renders the remaining issues moot.
Under Section 86.011, Florida Statutes (1989), the circuit court:
may render declaratory judgments on the existence or nonexistence:
(1) Of any immunity, power, privilege, or right; or
(2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege or right now exists or will arise in the future.
We have been cited to no case, and we have found none, where a court has entertained a declaratory judgment action seeking a bad faith determination where the posture of the case is as in the case at bar. Although the declaratory judgment statute is remedial in nature and is to be liberally construed, Section 86.101, Florida Statutes (1989)[2], one seeking a declaratory judgment must demonstrate "a bona fide, actual, present and practical need for a declaration." May v. Holley, 59 So.2d 636 (Fla. 1952); Okaloosa Island Leaseholders Association, Inc. v. Okaloosa Island Authority, 308 So.2d 120, 122 (Fla. 1st DCA 1975); Stonewall Ins. Co. W.W. Gay Mechanical Contractor, Inc., 351 So.2d 403 (Fla. 1st DCA 1977); Strachan Shipping Company v. Spigner, 573 So.2d 926 (Fla. 1st DCA 1991). We are of the view that Dixie's declaratory judgment claim fails to satisfy such standard.
It would be one thing if the basis of Dixie's declaratory judgment action was a question of its policy's coverage of Gaffney's tort claim. See e.g., Stonewall Ins. Co. v. W.W. Gay Mechanical Contractor, Inc., supra.[3] And the fact that Green's *66 liability had not yet been determined would not necessarily be fatal to Dixie's declaratory judgment action. Id. at 403. By contrast, determinations of bad faith necessarily draw the court into the minutiae of (1) the actions and conduct of the pertinent people involved in responding to and dealing with the third party's claim; (2) the facts and circumstances surrounding the accident or event which gave rise to the third party's claim; and (3) the evidence of the extent of the third party's injuries relative to the coverage limits. And all of this prior to any determination of liability in the underlying tort action.[4]
The question of the bad faith of Dixie is too attenuated or contingent an issue to support the declaration sought. We believe that this is so even assuming, as Dixie contends with respect to the summary judgment issue it seeks to assert before us, that the undisputed facts in the present record show that Dixie was not guilty of bad faith.
To activate the jurisdiction of the court under the declaratory judgment act, the plaintiff must, as earlier noted, demonstrate a bona fide, actual, present and practical need for the declaration sought. Okaloosa Island Leaseholders Association, Inc. v. Okaloosa Island Authority, 308 So.2d at 122. As stated in May v. Holley, 59 So.2d at 639:
These elements are necessary in order to maintain the status of the proceeding as being judicial in nature and therefore within the constitutional powers of the courts.
See also Vanguard Insurance Company v. Townsend, 544 So.2d 1153, 1155 (Fla. 5th DCA 1989); New Amsterdam Casualty Company v. Intercity Supply Corporation, 212 So.2d 110, 113 (Fla. 4th DCA 1968); compare Prudential Property & Casualty Insurance Company, 571 So.2d 598 (Fla. 2nd DCA 1990).
We note that the appellees have not taken issue with Dixie's assertions that the trial court erred in dismissing the declaratory judgment action for lack of jurisdiction. It is apparent that both appellant and appellees were and are desirous of the trial court taking jurisdiction of this declaratory judgment action and determining the question of bad faith. However, the parties, of course, cannot, by stipulation or otherwise, confer jurisdiction where none exists. Smith v. Milwaukee Insurance Company of Milwaukee, Wis., 197 So.2d 548, 549 (Fla. 4th DCA 1967).
We, therefore, hold that the trial court properly dismissed the declaratory judgment action for lack of jurisdiction where it was clear that there was no bona fide, actual, present and practical need for the declaration sought.
We need not reach the other issues raised herein.
AFFIRMED.
BARFIELD and ALLEN, JJ., concur.
NOTES
[1] It is obvious that this is a scrivener's error and that the correct word is "justiciability."
[2] Although distinguishable from the case at bar, Kelner v. Woody, 399 So.2d 35 (Fla. 3rd DCA 1981), clearly suggests that Section 86.101 does not give a declaratory judgment plaintiff a "blank check."

The purpose of the declaratory judgment act is to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations, and is to be liberally construed, section 86.101, Florida Statutes (1979); however, the granting of such relief remains discretionary with the court, and not the right of a litigant as a matter of course. [Citations omitted.] The court's ruling is accorded great deference, and appellants have the burden of showing clear error for reversal. Groover v. Adiv Holding Co., 202 So.2d 103 (Fla. 3d DCA 1967).
[3] In Stonewall the court held that where the insured's liability carrier had unequivocally disclaimed coverage, the fact that the underlying tort action against the insured had not yet been resolved and the insured's liability to the third party not yet established did not defeat the insured's declaratory judgment action against its liability carrier wherein the insured sought a declaration on a policy coverage question. See also State Farm Fire & Casualty Company v. Cronk, 530 So.2d 445 (Fla. 4th DCA 1988) (allegation of question of coverage and insurer's duty to defend calls upon the court to interpret policy language and thus is appropriate for declaratory relief); The Travelers Insurance Company v. Emery, 579 So.2d 798 (Fla. 1st DCA 1991).
[4] Although not involving a declaratory judgment action, and therefore not determinative of the case at bar, the Supreme Court has recently held that a cause of action against an insurer for bad faith in settlement negotiations does not accrue until the insured's underlying claim for insurance benefits against the insurer is resolved favorably for the insured. Blanchard v. State Farm Mutual Automobile Insurance Company, 575 So.2d 1289 (Fla. 1991).