PER CURIAM.
Standard Guaranty Insurance Company (Standard) appeals from a final judgment determining that Standard had acted in bad faith in handling a negligence claim against its insured, James. While Standard raises a number of issues on appeal, the resolution of one issue is dispositive of this appeal and, therefore, it is unnecessary to address the other issue raised by appellant. We find that the trial court lacked subject-matter jurisdiction to determine whether Standard acted in bad faith in handling the negligence claim against the insured, James, absent a final judgment against its insured which exceeded the policy limits.
Cunningham, appellee, filed a complaint against James as a result of an automobile collision. Cunningham sustained bodily injury and property damage as a result of the accident. James was insured by Standard with a policy which provided for policy limits of $10,000 for bodily injury and $10,-000 for property damage. Sometime later, Cunningham amended his complaint to add Standard as a party and alleging in a separate count that Standard had acted in bad faith in handling the claim. The parties agreed to try the bad-faith action before trying the underlying negligence claim, and further agreed that if no bad faith was found that Cunningham would agree to settle for the policy limits. After trial, the jury returned a verdict finding bad faith on the part of Standard. Standard raised the jurisdictional issue for the first time by post-trial motion. The trial court declined to vacate the final judgment. This appeal follows.
In Dixie Ins. Co. v. Gaffney, 582 So.2d 64 (Fla. 1st DCA1991), this court held that the circuit court was without jurisdiction to render a declaratory judgment determining the bad faith of an insurance company prior to the entry of a judgment against the insured. The court further opined that it did not matter if the parties agreed to have the matter heard because “the parties, of course, cannot by stipulation or otherwise confer jurisdiction where none exists.” Id. at 66. Appellees argue *460 that the present case may be distinguished from Dixie Ins. Co. because the action in this case is one for money damages rather than a request for declaratory relief. We cannot agree with appellee’s assertion. In the instant case, the bad-faith claim involved a separate count which was tried prior to the underlying claim for damages. The only issue submitted to the jury was whether Standard had committed bad faith. No claim for damages was presented to the jury, nor could such claim be presented prior to entry of a verdict against the insured which exceeded the policy limits. Fidelity and Casualty Co. of New York v. Cope, 462 So.2d 459 (Fla.1985); Schmauss v. Snoll, 245 So.2d 112 (Fla.3d DCA 1971), cert. denied, 248 So.2d 172 (Fla.1971). In Dixie Ins. Co., supra, the parties also sought to have the bad-faith issue resolved prior to determination of monetary damage claim against the insured. There is no material difference between the two cases.
Lack of jurisdiction over the subject matter may be raised at any time including after judgment. Rule 1.140(a), Fla. R.Civ.P.; Tamiami Trail Tours v. Wooten, 47 So.2d 743, 745 (Fla.1950). A judgment rendered in an action in which the court lacks jurisdiction over the subject matter is void. Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926); Gay v. McCaughan, 105 So.2d 771 (Fla.1958). In light of our determination that Dixie Ins. Co., supra, is controlling and that the trial court lacked jurisdiction to hear this matter, the final judgment must be vacated.
ERYIN and MINER, JJ., concur.
WOLF, J., specially concurring with written opinion.