DIAMANTIS, Judge.
State Farm Mutual Automobile Insurance Company (State Farm) appeals the non-final order denying its motion for new trial which was entered by the trial court after a jury returned a verdict in favor of appellee, Paula Duszik, on her claim for bad faith. We reverse because we find that the trial court lacked subject matter jurisdiction to determine the bad faith claim.
In February 1989 Duszik was driving north on SR 500 in Ocala. Patrick Marshall walked directly in front of Duszik’s vehicle. Duszik did not see Marshall, and her car struck him. As a result of this collision, Marshall suffered severe injuries.
At the time of the accident, State Farm insured Duszik under a liability policy with $50,000 limits. In March 1989, Marshall’s attorney notified State Farm that he expected State Farm to tender its policy limits of $50,000 to Marshall. For the next *1379 several months the parties continued to negotiate; however, no settlement was reached. Accordingly, in May 1989, Marshall instituted a negligence suit against Duszik.
Duszik thereafter filed a third-party complaint against State Farm. Specifically, Duszik sought a declaratory judgment as to whether State Farm acted in bad faith toward Duszik in the handling of Marshall’s claim.
The trial court bifurcated the action, separating the liability claim between Marshall and Duszik from the damages determination between Marshall and Duszik. Also, the trial court bifurcated the bad faith action between Duszik and State Farm from the negligence action between Duszik and Marshall.
The matter as to liability between Marshall and Duszik proceeded to trial first. Upon review of the evidence, the jury entered a verdict finding Marshall 87V2% liable and Duszik V2}k% liable.
Upon entry of the jury’s verdict on the issue of liability, the parties entered into a stipulation and joint motion for stay of the negligence action between Marshall and Duszik so that the bad faith action between Duszik and State Farm could be litigated. The stipulation stated that, in the event a final judgment was entered determining that State Farm was not guilty of bad faith, Marshall and Duszik would execute a full release of all claims against State Farm and State Farm would pay its policy limits of $50,000 to Marshall. The parties further stipulated that, if there was a jury finding of bad faith against State Farm, the abatement would be lifted and the damages portion of the negligence action between Marshall and Duszik would proceed.
The bad faith action was tried in June 1991. Upon conclusion of the evidence, the jury returned a verdict finding that State Farm had acted in bad faith in handling Marshall’s claim. No damages were awarded because the amount of any excess verdict in the negligence suit between Marshall and Duszik had not yet been established.
State Farm filed a motion for new trial, which was denied by the trial court. This appeal followed.[1]
While State Farm raises several issues on appeal, the resolution of one issue is dispositive. We conclude that the trial court lacked jurisdiction to determine whether State Farm acted in bad faith in handling Marshall’s negligence claim against Duszik, absent a final judgment against Duszik which exceeded the policy limits.
Duszik instituted this action by filing a third-party complaint against State Farm seeking a declaratory judgment as to whether State Farm had acted in bad faith during settlement negotiations with Marshall. Section 86.011 of the Florida Statutes (1989) sets forth the breadth of the circuit court’s jurisdiction in declaratory judgment actions:
86.011 Jurisdiction of circuit court.—
The circuit courts have jurisdiction to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed. No action or procedure is open to objection on the ground that a declaratory judgment is demanded. The court’s declaration may be either affirmative or negative in form and effect and such declaration has the force and effect of a final judgment. The court may render declaratory judgments on the existence, or nonexistence:
(1) Of any immunity, power, privilege, or right; or
(2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power privilege, or right now exists or will arise in the future. Any person seeking a declaratory judgment may also demand additional, alternative, coercive, subse *1380 quent, or supplemental relief in the same action.
Section 86.011, Fla.Stat. (1989).
The purpose of the declaratory judgment statute is to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations. Individuals seeking declaratory relief must show that there is a bona fide, actual, present, and practical need for the declaration; the declaration deals with a present, ascertained, or ascertainable state of facts or present controversy as to a state of facts; some immunity, power, privilege, or right of the complaining party is dependent upon the facts or the law applicable to the facts; there is some person or persons who have, or reasonably may have, an actual, present, adverse, and antagonistic interest in the subject matter, either in fact or law; the antagonistic and adverse interests are all before the court by proper process or class representation; and the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity. Absent a bona fide need for a declaration based on present, ascertainable facts, the circuit court lacks jurisdiction to render declaratory relief. Martinez v. Scanlan, 582 So.2d 1167 (Fla.1991); Ervin v. Taylor, 66 So.2d 816 (Fla.1953); May v. Holley, 59 So.2d 636 (Fla.1952). See also Register v. Pierce, 530 So.2d 990 (Fla. 1st DCA), rev. denied, 537 So.2d 569 (Fla.1988); Kelner v. Woody, 399 So.2d 35 (Fla. 3d DCA 1981).
The essence of a bad faith insurance claim is that the insurer breached its duty to the insured by failing to properly or promptly defend the claim (which may encompass its failure to make a good faith offer of settlement within the policy limits) and that such failure resulted in the insured being exposed to an excess judgment. Fidelity & Casualty Co. v. Cope, 462 So.2d 459, 460 (Fla.1985). In the litigation between Marshall and Duszik, only the liability portion of the action has been litigated. As noted, the jury concluded that Marshall was 87¾⅛% liable whereas Duszik was only 12V2% liable. The issue of damages has not yet been presented to the jury. Accordingly, no determination as to whether the award of damages in favor of Marshall will exceed State Farm’s policy limits of $50,000 has been made. Absent a final judgment in favor of Marshall and against Duszik which exceeds the $50,000 policy limits, recovery by Duszik on her bad faith claim against State Farm is not possible. See Blanchard v. State Farm Mutual Automobile Insurance Co., 575 So.2d 1289 (Fla.1991); Kelly v. Williams, 411 So.2d 902 (Fla. 5th DCA), rev. denied, 419 So.2d 1198 (Fla.1982). Absent proof of an excess damages verdict, the circuit court did not have jurisdiction to enter a declaratory judgment on Duszik’s bad faith claim because, without the excess damages verdict, there was no actual, practical need for the declaration.
The first district has addressed this exact issue on two occasions. Most recently, in Standard Guaranty Insurance Co. v. Cunningham, 610 So.2d 458 (Fla. 1st DCA 1992), the first district held that the trial court lacked subject matter jurisdiction to determine whether the insurer had acted in bad faith because there had not been a final judgment against the insured for a sum in excess of policy limits. Specifically, Cunningham filed a complaint against Standard Guaranty’s insured, James, as a result of an automobile collision. Cunningham sustained bodily injury and property damage as a result of the accident. James’s policy with Standard provided for limits of $10,000 for bodily injury and $10,000 for property damage. Cunningham amended his complaint to add Standard as a party and to allege in a separate count that Standard had acted in bad faith in handling the claim. The parties agreed to try the bad faith claim before trying the underlying negligence claim and further agreed that, if no bad faith was found, Cunningham would agree to settle for the policy limits. After trial, the jury returned a verdict finding bad faith on the part of Standard, and Standard appealed. Upon review of the jurisdictional issue, the first district concluded that, absent a finding that damages to Cunningham exceeded the policy limits, the trial court lacked jurisdiction to decide *1381 the bad faith claim. Standard Guaranty, 610 So.2d at 460.
Similarly, in Dixie Insurance Co. v. Gaffney, 582 So.2d 64 (Fla. 1st DCA 1991), the first district held that the circuit court was without jurisdiction to render a declaratory judgment determining the bad faith of an insurance company prior to the entry of a judgment against the insured.
We have considered the parties’ pretrial stipulation waiving their right to argue that Dixie applies to this case; however, the parties cannot, by stipulation or otherwise, confer jurisdiction upon the circuit court where none exists. Standard Guaranty, 610 So.2d at 460; Dixie, 582 So.2d at 66.
Accordingly, we vacate the jury verdict in favor of Duszik on her claim for bad faith and remand this cause to the trial court with instructions to dismiss Duszik’s bad faith third-party action for lack of subject matter jurisdiction.
REVERSED and REMANDED.
DAUKSCH and SHARP, W., JJ., concur.

. This court has jurisdiction to review this matter pursuant to Rule 9.130(a)(3)(C)(iv) of the Florida Rules of Appellate Procedure. See Metropolitan Dade County v. Green, 596 So.2d 458 (Fla.1992).