PER CURIAM.
This cause is before us on appeal from a summary final judgment finding sections 8 and 9 of chapter 90-310, Laws of Florida, to be violative of various provisions of the Florida Constitution.* Appellants raise numerous procedural and substantive challenges to the final order. We address (1) whether the trial court erred in holding that appellee had standing to challenge section 8 of chapter 90-310; (2) whether the trial court erred in holding that section 9 of chapter 90-310 was violative of the single-subject requirement of article III, section 6 of the Florida Constitution; (3) whether the trial court erred in holding that section 9 of chapter 90-310 was violative of article III, section ll(a)(20) of the Florida Constitution, which prohibits local laws relating to occupations regulated by the State; (4) whether the trial court erred in holding that section 9 of chapter 90-310 was violative of article III, section 11(b) of the Florida Constitution, which prohibits unreasonable classifications of political subdivisions; and (5) whether the trial court erred in holding that section 9 of chapter 90-310 was violative of article III, section 11(a)(2), which prohibits local laws relating to the assessment of taxes for state purposes.
Appellee lacked standing to challenge section 8, chapter 90-310, Laws of Florida, under which revenue collected in compliance with the oyster surcharge enacted in section 18, chapter 89-175, Laws of Florida, prior to July 1, 1990, was deemed lawfully collected. A party seeking an adjudication as to the constitutionality of a statute must show that he or she has been charged with violating the statute, is threatened for prosecution for violation of the statute, or that the adjudication requested will otherwise affect his or her rights. Martinez v. Scanlan, 582 So.2d 1167, 1171 (Fla.1991); Dixie Ins. Co. v. Gaffney, 582 So.2d 64 (Fla. 1st DCA 1991); Register v. Pierce, 530 So.2d 990 (Fla. 1st DCA 1988), rev. denied, 537 So.2d 569 (Fla.1988). Appellee did not enter the wholesale seafood business until August 1, 1990. Section 8 is therefore inapplicable to him. Appellee has no need or colorable right that will be directly affected by a ruling on the constitutionality of section 8. We therefore reverse as to the first issue.
As to the second issue, whether the trial court erred in finding chapter 90-310 *646 violative of the single-subject rule of article III, section 6, of the Florida Constitution, we must also reverse. In its order below, the trial court offered no explanation for its conclusion that the challenged statute violated the single-subject rule. We will not burden this opinion by listing the titles of each of the 12 sections of chapter 90-310, Laws of Florida. Suffice it to say, however, our review of the record satisfies us that each section has a “natural or logical connection” to the stated purpose of the statute, which is an “act relating to salt water fisheries.” See Martinez v. Scanlan, 582 So.2d at 1172; Chenoweth v. Kemp, 396 So.2d 1122 (Fla.1981); compare State v. Leavins, 599 So.2d 1326, 1333-1335 (Fla. 1st DCA 1992). We therefore reverse as to the second issue.
The last three issues involve the constitutionality of section 9, chapter 90-310, Laws of Florida. Section 9, codified at section 370.07(3), Florida Statutes (Supp.1990), provides:
Subsection (3) of section 370.07, Florida Statutes, as enacted in section 18, chapter 89-175, Laws of Florida is hereby reenacted and amended to read:

370.07 Wholesale and retail saltwater products dealers; regulations

(3) Apalachicola Bay oyster surcharge.—
(a) For purposes of this section, “bag” means an amount of oysters with shells weighing approximately 60 pounds.
(b) Effective October 1, 1989, and not withstanding — the—provisions—of—Sr 370.16(21), there shall be assessed a surcharge of 50 cents on each bag of oysters to be paid by the wholesale dealer first receiving, using, or selling the oysters after harvesting from the waters of Apalachicola Bay.
[[Image here]]
§ 9, Ch. 90-310, Laws of Florida. Section 9 goes on to reenact section 18, chapter 89-175 verbatim.
We reverse on each of these issues based on our decision in State v. Leavins, 599 So.2d at 1335-1337. In Leavins, we held that section 18 of chapter 89-175, from which section 9, chapter 90-310 was taken, did not violate either article III, section ll(a)(20) [prohibiting local laws or general laws of local application relating to occupations regulated by the state] or article III, section 11(b) [prohibiting unreasonable classification in general laws of political subdivisions or other government entities]. Leavins, 599 So.2d at 1335-1337. Although the Leavins case does not directly address section 11(a)(2), the reasoning in Leavins is applicable. The analysis in Leav-ins was not limited to whether chapter 89-175 violated the prohibition against local laws concerning regulations of occupations found in article III, section ll(a)(20); instead, it first addressed the broader question of whether chapter 89-175 was a general or local law. We held that chapter 89-175 did not violate article III, section 11 because it was a general law and not a special or local law. Id. at 1335. Section 9, chapter 90-310, which was taken almost verbatim from section 18, chapter 89-175, is therefore also a general law rather than a special or local law. Section ll(a)’s prohibition against special or general laws of local application pertaining to various subjects is inapplicable. Therefore, section 9, chapter 90-310, does not violate the specific prohibition found in section 11(a)(2) against special or local laws pertaining to assessment or collection of taxes for state or county purposes.
REVERSED.
KAHN and MICKLE, JJ., concur.
BOOTH, J., dissents in part and concurs in part with written opinion.

 Section 9 is codified as section 370.07(3), Florida Statutes (Supp.1990).