388 So.2d 314 (1980)
Les ROBINSON, Appellant,
v.
TOWN OF PALM BEACH SHORES, a Municipal Corporation, Appellee.
No. 79-1034.
District Court of Appeal of Florida, Fourth District.
September 17, 1980.
*315 William M. Furlow of T.G. LaGrone, P.A., Orlando, for appellant.
Jonathon P. Lynn of Stephens, Schwartz, Lynn & Chernay, P.A., Fort Lauderdale, for appellee.
HERSEY, Judge.
Appellant, Robinson, was given a warning ticket for parking his pick-up truck in a certain area within the municipal limits of the Town of Palm Beach Shores in violation of a municipal ordinance. His complaint for declaratory judgment seeking a declaration that the ordinance in question was unconstitutional was dismissed with prejudice for failure to state a cause of action. This appeal questions the correctness of that dismissal.
The questions presented by appellant for our review are, first, whether a municipal ordinance with quasi-criminal sanctions may be the subject of an action for declaratory relief and second, assuming an affirmative answer to the first, whether it was error to dismiss appellant's initial complaint with prejudice rather than with leave to amend. Appellee poses a third question: that is, whether appellant waived any right to appeal the refusal to grant leave to amend by failing to file a motion for rehearing and to amend the complaint, as suggested by Town of Micanopy v. Connell, 304 So.2d 478 (Fla. 1st DCA 1974).
We answer appellant's first question affirmatively. The validity of a municipal ordinance may be tested in an action for declaratory relief. The statute itself so provides. § 86.021 Fla. Stat. (1979). And see Keay v. City of Coral Gables, 236 So.2d 133 (Fla. 3rd DCA 1970).
Because of the resolution we now undertake of appellant's second question we need not reach the question posed by appellee.
Section 86.021, Florida Statutes (1979), under which appellant seeks a remedy, provides, in pertinent part, as follows:
Any person claiming to be interested or who may be in doubt about his rights under a deed ... or whose rights, status or other equitable or legal relations are affected by a statute, or any regulation made under statutory authority, or by municipal ordinance... may have determined any question of construction or validity arising under such statute, regulation, municipal ordinance ... and obtain a declaration of rights, status or other equitable or legal relations thereunder.
The requirements which must be met first by the pleadings and eventually by the evidence to entitle one to relief by way of declaratory judgment are succinctly stated in the following paragraph from May v. Holley, 59 So.2d 636, 639 (Fla. 1952):
[8] Before any proceeding for declaratory relief should be entertained it should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest[s] are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded *316 from curiosity. These elements are necessary in order to maintain the status of the proceeding as being judicial in nature and therefore within the constitutional powers of the courts.
We reiterate here that phrase from the opinion which is determinative of this appeal: "there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law."
Appellant received a warning ticket. We can only assume that this is a courtesy extended by the police department since the ordinance contains no provision for a "warning." The ticket recites that a record has been made of the violation and that, in the event of recurrence, a bond would be required. It might be said that appellant is thus placed in jeopardy-that he is one step closer to an exercise of authority under the ordinance than one who has not committed his first violation would be. But the fact is appellant is not in jeopardy unless he violates the ordinance. The issuance of courtesy warnings might be discontinued at any time, in which case a first offender would be in the same position as appellant finds himself. Moreover, the complaint alleges that as part of his duties plaintiff is required to work on a yacht docked in the Town of Palm Beach Shores. Section 5 of the ordinance provides that the ordinance does not prevent parking prohibited vehicles in the town during periods when the vehicles are being used for construction, deliveries and services within the town. We think that appellant has no standing, under the present circumstances, to contest the ordinance, whether by way of declaratory relief of otherwise. Bryant v. Gray, 70 So.2d 581 (Fla. 1954); Askew v. City of Ocala, 348 So.2d 308 (Fla. 1977).
Since appellant has no standing on the facts alleged, to seek declaratory relief, the trial court was not obliged to provide an opportunity to file an amended complaint.
We therefore affirm.
AFFIRM.
DOWNEY and ANSTEAD, JJ., concur.