406 So.2d 1216 (1981)
Antoinette LaBELLA and Donna LaBella, As Parent and Natural Guardian of Vincent Michael LaBella, a Minor, Appellants,
v.
FOOD FAIR, INC., a Foreign Corporation, and the State of Florida, Appellees.
No. 81-537.
District Court of Appeal of Florida, Third District.
December 1, 1981.
*1217 Kaplan, Sicking, Hessen, Sugarman, Rosenthal & DeCastro and Richard A. Sicking, Miami, for appellants.
Adams, Kelley & Kronenberg and Steven P. Kronenberg, Miami, for appellees.
Before HUBBART, C.J., and BARKDULL and SCHWARTZ, JJ.
SCHWARTZ, Judge.
In 1973, Michael LaBella, who is now 85 years of age, was seriously injured in an industrial accident while employed by Food Fair, Inc. He has received permanent total disability workers' compensation payments ever since. In 1980, alleging they were his dependents and therefore the potential recipients of any compensation benefits payable for his death,[1] LaBella's wife, daughter and grandson brought an action in the circuit court for a declaratory judgment that the blanket five-year limitation in Section 440.16(1), Florida Statutes (1979) is unconstitutional. The provision states:
440.16 Compensation for death.
(1) If death results from the accident within 1 year thereafter or follows continuous disability and results from the accident within 5 years thereafter, the employer shall pay ... (emphasis supplied)
The trial court dismissed the complaint and we affirm that decision.
Mr. LaBella has not yet died. There is therefore no way of knowing either (a) whether any of the plaintiffs will survive him or, (b) even more obviously, whether his death will be a result of the 1973 accident. Both of these contingencies must occur for any death benefits to be recovered even if the appellants' position on the constitutional question were upheld. It is well-settled, however, that Florida courts will not render, in the form of a declaratory judgment, what amounts to an advisory opinion at the instance of parties who show merely the possibility of legal injury on the basis of a hypothetical "state of facts which have not arisen" and are only "contingent, uncertain, [and] rest in the future." Williams v. Howard, 329 So.2d 277, 283 (Fla. 1976) and cases cited; Robinson v. Town of Palm Beach Shores, 388 So.2d 314 (Fla. 4th DCA 1980); American Indemnity Co. v. Southern Credit Acceptance, Inc., 147 So.2d 10, 11 (Fla. 3d DCA 1962) ("[T]he courts *1218 may not be required to answer a hypothetical question or one based upon events which may or may not occur."); Harris v. Harris, 138 So.2d 376 (Fla. 3d DCA 1962), cert. denied, 146 So.2d 374 (Fla. 1962). The clear applicability of this principle to the present situation requires that the judgment under review be
Affirmed.
NOTES
[1] See Sec. 440.16(1)(b), Fla. Stat. (1979).