654 So.2d 1047 (1995)
Helen C. SUTTON, Appellant,
v.
DEPARTMENT OF ENVIRONMENTAL PROTECTION, etc., Appellee.
No. 94-736.
District Court of Appeal of Florida, Fifth District.
May 19, 1995.
*1048 John H. Rains, III, and Joseph N. Tucker of Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, for appellant.
Brain F. McGrail, Asst. Gen., Counsel and Keith C. Hetrick and Evelyn Golden, Asst. Gen. Counsel, Tallahassee, for appellee.
THOMPSON, Judge.
Helen C. Sutton timely appeals from a final order entered by the Department of Environmental Protection ("DEP") dismissing a petition for declaratory statement.[1] We affirm.
Sutton owns a home and several lots on a lagoon of Kings Bay in Citrus County. Kings Bay is part of the Crystal River, and both are designated as Outstanding Florida Waters. See Fla. Admin. Code R. 62-302.700 (formerly Fla. Admin. Code R. 17-302.700). Tana Hubbard, the owner of the adjacent property, has built a dock on the lagoon. Sutton filed a petition for declaratory statement with DEP seeking a determination as to whether the bottom of the lagoon of Kings Bay is sovereign submerged lands of the State of Florida and, if it is, whether it is subject to the requirements of rule 18-21.005 of the Florida Administrative Code with respect to the construction of docks. If the bottom of the lagoon is sovereign submerged lands of the State of Florida, Hubbard would be required to follow the permitting process and obtain a consent of use in order for her dock to be approved by DEP. DEP would then have to hold a hearing to determine whether to issue the consent of use in accordance with section 253.77, Florida Statutes (1993). Sutton, as a riparian owner of adjacent upland property, must receive notice of any hearing on Hubbard's consent of use application. § 253.70, Fla. Stat. (1993).
DEP issued a final order dismissing the petition for declaratory statement without allowing Sutton to be heard. Subsequent to dismissing Sutton's petition, DEP filed a notice of agency statement that the dock was constructed on sovereign submerged lands of the State of Florida and that "the Board of Trustees of the Internal Improvement Trust Fund (Trustees) claims ownership of the submerged bottoms" whereupon the dock was built. Having made that determination, DEP notified Hubbard that she was required to comply with chapter 253 of the Florida Statutes and rule 18-21.005 of the Florida Administrative Code requiring her to obtain a consent of use from DEP. As this notice gave Sutton the relief she was requesting, her petition is moot and there is no need to issue a declaratory statement.
The purpose of a declaratory statement is to:
set out the agency's opinion as to the applicability of a specified statutory provision or of any rule or order of the agency as it applies to the petitioner in [t]his particular set of circumstances only.

§ 120.565, Fla. Stat. (1993) (emphasis supplied). A declaratory statement cannot be issued for general applicability. Mental Health Dist. Bd, II-B v. Department of Health & Rehabilitative Servs., 425 So.2d 160 (Fla. 1st DCA 1983). Petitions for declaratory statements are similar to petitions for declaratory judgments, and appellate courts are guided by decisions issued under the declaratory judgments statute. Couch v. State, 377 So.2d 32, 33 (Fla. 1st DCA 1979). This court has held that the purpose of a declaratory judgment action
is to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations. Individuals seeking declaratory relief must show *1049 that there is a bona fide, actual, present, and practical need for the declaration ... [and that] the declaration deals with a ... present controversy as to a state of facts.
State Farm Mut. Auto. Ins. Co. v. Marshall, 618 So.2d 1377, 1380 (Fla. 5th DCA 1993), disapproved on other grounds, Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179 (Fla. 1994).
Here, there is no need for DEP to issue a declaratory statement because Sutton's rights, status, and other equitable or legal relations are not in doubt. Before DEP can issue a permit approving the construction of the dock, Hubbard must apply for a consent of use under chapter 18-21 of the Florida Administrative Code and a hearing must be held. In fact, Sutton has conceded in her brief and at oral argument that there is a hearing pending that was initiated pursuant to chapter 18-21 of the Florida Administrative Code and that Sutton is actively participating in the hearing. For these reasons, we affirm the decision of DEP.
HARRIS, C.J., and GRIFFIN, J., concur.
NOTES
[1] This order is appealable under rule 9.030(b)(1)(C) of the Florida Rules of Appellate Procedure, and section 120.68, Florida Statutes (1993).