PER CURIAM.
Randy Lavern Spencer appeals the dismissal of his petition for declaratory judgment alleging D. Gonzalez unlawfully deprived Mr. Spencer of visitation rights with his children beginning on July 1, 1996. Mr. Spencer is incarcerated and Mr. Gonzalez works for the Department of Corrections (DOC). The trial court dismissed the petition as moot after DOC acknowledged the error and transferred Mr. Gonzalez to another institution. We conclude that the trial court erred in dismissing the petition rather than granting Mr. Spencer’s pending motion for leave to file an amended petition alleging the deprivation of federal constitutional rights under color of section 944.09(l)(n), Florida Statutes (1997), and seeking compensatory damages from Mr. Gonzalez, individually. Accordingly, we reverse with directions that leave to amend be granted.
In his initial petition, Mr. Spencer named Mr. Gonzalez in his official, but not in his individual, capacity, and sought injunctive relief but did not seek compensatory damages. On March 25, 1997, however, he filed a motion for leave to file an amended petition, attaching the amended petition. “Amendments to pleadings are to be freely and liberally allowed in order that cases may be resolved on their merits, and doubts should be resolved in favor of allowing amendment unless and until it appears that the privilege to amend will be abused.” Linafelt v. Bev, Inc., 662 So.2d 986, 989 (Fla. 1st DCA 1995); see also Hatcher v. Chandler, 589 So.2d 428, 429 (Fla. 1st DCA 1991); David Miller Distrib. Co. v. Florida Nat’l Bank at Arlington, 342 So.2d 856, 858 (Fla. 1st DCA 1977). The record is devoid of any indication that Mr. Spencer abused any privilege to amend. No amendment was ever allowed.
Approximately a year later, Mr. Gonzalez moved to dismiss. In an amendment to his motion to dismiss, filed on May 26, 1998, Mr. Gonzalez contended that Mr. Spencer’s petition was moot, because the suspension of visitation privileges had been lifted, as evidenced by an affidavit dated *113 May 6, 1998. The trial court agreed and concluded:
As it has been determined that [Mr. Spencer] does not meet the criteria for the application of Fla. Stat. § 944.09(l)(n), and the statute is no longer being used to restrict the placement of children on [his]- visitor list, there is no longer a bona fide, actual, or present need for a declaration as to the constitutionality of this statute or rule being applied to [him], Martinez v. Scanlan, 582 So.2d 1167, 1170 (Fla.1991). And, as [Mr. Gonzalez] has been transferred to a different institution, and [Mr. Spencer] has been assigned to another classification officer, there is no longer the required bona fide dispute between the parties. Britamco Underwriters, Inc. v. Central Jersey Investments, 632 So.2d 138 ([Fla. 4th DCA] 1994).
If, as Mr. Spencer alleges, Mr. Gonzalez deprived him of visitation with his children for over a year under color of state law in violation of federal constitutional rights, the question of entitlement to compensatory damages under 42 U.S.C. § 1983 is not moot. See § 86.061, Fla. Stat. (1997); Trafalgar Developers, Ltd. v. Morley, 305 So.2d 274, 275 (Fla. 3d DCA 1974). On remand, the amendment should be allowed.
Reversed and remanded.
ERVIN and BENTON, JJ., CONCUR.
BOOTH, J., DISSENTS.