812 So.2d 459 (2002)
FLORIDA DEPARTMENT OF INSURANCE and State Treasurer, Appellants,
v.
GUARANTEE TRUST LIFE INSURANCE COMPANY and Golden Rule Insurance Company, Appellees.
No. 1D00-4641.
District Court of Appeal of Florida, First District.
March 6, 2002.
Rehearing Denied April 5, 2002.
*460 David J. Busch and Dennis Silverman, Tallahassee, for Appellants.
Frank J. Santry of Granger & Santry, P.A., Tallahassee, for Appellees.
BROWNING, J.
The Florida Department of Insurance (DOI) appeals the trial court's entry of declaratory judgment which held section 627.411, Florida Statutes (1997), in its entirety, unconstitutional because it delegates legislative authority to DOI. However, only that portion of section 627.411(1)(e), Florida Statutes, which provides "... or which apply rating practices which result in premium escalations that are not viable for the policyholder market..." (the "viability provision") is actually challenged by the parties. As grounds for reversal, DOI argues the trial court lacked jurisdiction to enter a declaratory judgment because no present controversy was shown; the statute is facially constitutional and does not unconstitutionally delegate legislative authority; and disputed issues of material fact make summary declaratory judgment improper. Inter alia, Guarantee Trust Life Insurance Company (Guarantee Trust) and Golden Rule Insurance Company (Golden Rule) (collectively "Appellees") argue a present controversy is shown because Appellees are insurance companies regulated by DOI, and DOI may disapprove a future rate filing based on the "viability provision" contained in section 627.411(1)(e), Florida Statutes. We agree with DOI that no present controversy was shown, and Appellees are not entitled to declaratory relief. Accordingly, we reverse without reaching the remaining arguments.
"Florida courts will not render, in the form of a declaratory judgment, *461 what amounts to an advisory opinion at the instance of parties who show merely the possibility of legal injury on the basis of a hypothetical `state of facts which have not arisen' and are only `contingent, uncertain, [and] rest in the future.'" Santa Rosa County v. Admin. Comm'n, Div. of Admin. Hearings, 661 So.2d 1190, 1193 (Fla. 1995) (emphasis in original), quoting LaBella v. Food Fair, Inc., 406 So.2d 1216, 1217 (Fla. 3d DCA 1981) (quoting Williams v. Howard, 329 So.2d 277, 283 (Fla.1976)). Where a controversy has been resolved by settlement agreement, there is no longer an actual or present need for a declaration as to the constitutionality of statutes or rules as applied to the consenting parties, and the trial court lacks jurisdiction to grant declaratory relief. See Santa Rosa County, 661 So.2d at 1193. "Thus, absent a bona fide need for a declaration based on present, ascertainable facts, the circuit court lacks jurisdiction to render declaratory relief." Id.
It is undisputed that at the time declaratory judgment was sought, Golden Rule had no rate increase request pending before DOI and, in fact, has never had a filing denied on the basis of the viability provision, or any of its rate filings reviewed under that provision. It is also undisputed that Guarantee Trust had a previous filing denied partially on the basis of the viability provision, but the issue was settled by consent order and was no longer pending when declaratory judgment was sought. Appellees' only allegations of a present controversy are that they are required to submit rate changes to DOI for review; that DOI, at some undetermined time concerning an undetermined submission, may disapprove rates or forms based on the viability provision; and Appellees' filings will continue to be subject to disapproval under the viability provision unless the language is declared unconstitutional. These allegations merely raise the possibility that Appellees might, in the future, have rate changes disapproved based on the viability provision. Neither Appellee has shown that a proposed rate change currently under review by DOI has been disapproved based on the viability provision. Because neither Appellee has an actual, present dispute concerning rate filings involving the viability provision, the declaratory judgment constitutes an impermissible advisory opinion. Accordingly, the declaratory judgment is REVERSED.
WOLF and WEBSTER, JJ., concur.