*613
 
 ALLEN, J.
 

 The appellants challenge an order by which the trial court upheld the constitutionality of a municipal ordinance, upon the appellants’ request for a declaratory judgment and injunctive relief. The appellee has moved to dismiss this appeal, based on the appellants’ lack of standing to further maintain this action. Because the appellants have not established the requisite standing, the appeal is dismissed.
 

 The disputed ordinance pertains to certain building projects within specified areas of the appellee City of Tallahassee, and the appellants were plaintiffs in the proceeding below. The appellant Sue Boynton was found to not have standing, and that ruling is not challenged in this appeal. The appellant Hermitage Ventures was found to have standing, with Hermitage Ventures having submitted an application for a building project that would be subject to the challenged ordinance. However, Hermitage Ventures has since withdrawn that application and has now announced its intent to build a different project which is not subject to the ordinance. Hermitage Ventures thus no longer has standing to pursue the legal challenge to the ordinance in this case.
 

 The appellants Florida Home Builders Association and Tallahassee Builders Association are entities whose members are engaged in the construction business and related occupations. These associations’ standing to pursue this action is governed by
 
 Florida Home Builders Ass’n v. Dep’t of Labor & Employment Security,
 
 412 So.2d 351 (Fla.1982). Among other requirements,
 
 Florida Home Builders
 
 establishes that for these associations to have standing to bring the legal challenge on behalf of their members, the associations must show that a substantial number of the members are sufficiently affected by the ordinance. And this action for a declaratory judgment and injunctive relief is dependent on 3, showing that there is a bona fide dispute with an actual present need for judicial intervention.
 
 See e.g. Spencer v. Gonzalez,
 
 731 So.2d 111 (Fla. 1st DCA 1999);
 
 Britanico Underwriters, Inc. v. Central Jersey Investments, Inc.,
 
 632 So.2d 138 (Fla. 4th DCA 1994).
 

 Florida Home Builders and Tallahassee Builders Association assert that their memberships include the great majority of the builders and developers who are qualified and would be reasonably likely to build or develop projects that could be subject to the ordinance. But such speculative possibilities, based on factual assumptions pertaining to events that only might occur at some uncertain time in the future, do not create the necessary standing for declaratory or injunctive relief.
 
 See Dep’t of Ins. v. Guarantee Trust Life Ins. Co.,
 
 812 So.2d 459 (Fla. 1st DCA 2002). Because Florida Home Builders and Tallahassee Builders Association have not shown that a substantial number of their members are sufficiently affected to permit the action for declaratory or injunc-tive relief, Florida Home Builders and Tallahassee Builders Association have not satisfied the necessary criteria for standing under
 
 Guarantee Trust
 
 and
 
 Florida Home Builders.
 

 As there is no party to this appeal with the requisite standing to maintain this action, the appeal is dismissed.
 

 PADOVANO and ROBERTS, JJ., concur.