PER CURIAM.
The City of Apalachicola appeals a final order dismissing, with prejudice, its complaint for failure to state a cause of action. Because the complaint sufficiently stated a claim for declaratory relief, we reverse, in part, affirm, in part, and remand for further proceedings consistent with this opinion.
After members of the Franklin County Board of Commissioners failed to attend two meetings scheduled by the City pursuant to the Florida Governmental Conflict Resolution Act, chapter 164, Florida Statutes, to address the distribution of funds allocated to the County following the oil spill in the Gulf of Mexico in 2010, the City of Apalachicola (hereafter, City) filed suit alleging:
Plaintiff, City of Apalachicola through its Mayor and City Commission, hereby files this suit against the Franklin County Board of County Commissioners, for declaratory and incidental injunctive relief as well as attorney’s fees and costs necessitated by the Franklin County Commissioners intentional refusal and failure to comply with the requirements of the Florida Governmental Conflict Resolution Procedure in Statute § 164 and in particular the refusal by Defendant to participate and meet in the required conflict resolution procedure Statute § 164.1053 of a “joint public meeting” with the City Commissions of City of Apalachicola and the City of Carrabelle on December 19, 2012, and Plaintiff states as follows:
1. This is an action for declaratory and incidental injunctive and other relief as necessary all within the jurisdiction of this court regarding conflicts between and among governmental entities (between the Franklin County Commission and the Cities of Apalachicola and Car-rabelle) under Florida Statutes Chapter 164.
The City further alleged:
15. [The City] is in doubt as to its responsibilities and duties under Florida Statute § 164.055 and Plaintiff requests] the Court to issue a declaratory decree to define the rights and duties of the parties under Florida Statutes Section § 164.055 and specifically declaring that Defendants, among other requirements set forth in the Statute, is [sic] mandated to attend the Joint Public Meeting and perform the tasks as delineated in Florida Statute § 164.1055(1).
In its prayer for relief, among other things, the City requested of the circuit court:
I. To issue a declaratory decree declaring that Franklin County, Board of County Commission[ers,] is required under the facts of this case by Florida Statute 164.1055 to attend the Joint Public Meeting and take action as required by Florida Statutes § 164.1055(l)(a)(b) and (c) referenced above.
III. To declare that the Franklin County Board of County Commission[ers] is required to comply with the requirements of Florida Statute § 164.1055(2) if no agreement is reached upon completion of Florida Statute § 164.1055(1) — Joint Public Meeting requirements and reserve jurisdiction to issue injunctive and other relief as necessary to compel the participation of Franklin County, Board of County Commissioners in the Governmental Conflict Resolution Procedures of Florida Statute § 164.1055(2) with the Cities of Apalachicola and Carrabelle.
On motion of the County, the circuit court dismissed the complaint with preju *1219 dice because, it ruled, the Florida Governmental Conflict Resolution Act does not create a cause of action. The circuit court erred in construing the complaint as asserting a cause of action for relief pursuant to the Florida Governmental Conflict Resolution Act. Instead, the complaint seeks declaratory relief, and adequately states a cause of action for such relief.
In chapter 164, Florida Statutes, the legislature intended to enhance intergovernmental coordination by creating a governmental conflict resolution procedure to provide a method for resolving conflicts between and among local and regional governmental entities. § 164.102, Fla. Stat. (2012). Section 164.1056 provides that, if the governmental entities fail to resolve a conflict through the procedures set forth in sections 164.1053 and 164.1055, “the entities participating in the dispute resolution process may avail themselves of any otherwise available legal right.” A declaratory judgment action is an “otherwise available legal right.”
Florida’s Declaratory Judgment Act, sections 86.11 through 86.111, Florida Statutes (2012), gives jurisdiction to the circuit courts to grant declaratory relief. The declaratory judgment act is to be liberally construed so as to afford parties relief from insecurity and uncertainty with respect to their rights and status. Olive v. Maas, 811 So.2d 644, 648 (Fla.2002); Santa Rosa County v. Administration Comm’n, Div. of Administrative Hearings, 661 So.2d 1190, 1192 (Fla.1995).
While the complaint does not specifically reference chapter 86, Florida Statutes, the passages quoted above plainly disclose that the City seeks declaratory relief as authorized by that chapter. The facts alleged in the complaint, which must be accepted as true when passing on a motion to dismiss, see Cortez v. Palace Resorts, Inc., 123 So.3d 1085 (Fla.2013), demonstrate there is a bona fide, actual, present practical need for the declaration with respect to the interests and obligations under the Florida Governmental Conflict Resolution Act. See Santa Rosa County v. Administration Com’n, Div. of Administrative Hearings, 661 So.2d at 1192-1193 (quoting May v. Holley, 59 So.2d 636, 639 (Fla.1952)); see also Florida Dep’t of Ins. v. Guarantee Trust Life Ins. Co., 812 So.2d 459 (Fla. 1st DCA 2002).
As the City makes no argument as to the dismissal of its claim for injunctive relief, the final order of dismissal is affirmed with regard to that claim. As to the claim for declaratory relief, and any attending attorney’s fees and costs which may be awardable, the final order is reversed, and the cause is remanded for further proceedings.
AFFIRMED, in part, REVERSED, in part, and REMANDED.
VAN NORTWICK, PADOVANO, and ROWE, JJ., concur.