IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CITIZENS OF THE STATE OF
FLORIDA, THROUGH THE
OFFICE OF PUBLIC COUNSEL,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Appellant,

CASE NO. 1D14-3868

v.

FLORIDA PUBLIC SERVICE
COMMISSION and UTILITIES,
INC.,

Appellees.

_____/

Opinion filed May 4, 2015.

An appeal from an order of the Public Service Commission.

J.R. Kelly, Public Counsel, and Erik L. Sayler, Associate Public Counsel, Tallahassee, for Appellant.

Samantha M. Cibula, Attorney Supervisor, and Kathryn G. W. Cowdery, Senior Attorney, Tallahassee, for Appellee Public Service Commission; Martin S. Friedman of Friedman, Friedman & Long, P.A., Lake Mary, for Appellee Utilities, Inc.


BENTON, J.

The Office of Public Counsel (OPC) appeals the denial of its petition for declaratory statement by the Florida Public Service Commission (PSC). OPC

sought a declaratory statement as to Public Counsel's right, if any, to conduct discovery in rate cases pending before the PSC under the proposed agency action (PAA) procedure, before proposed agency action is decided upon. But the PSC denied OPC's petition for declaratory statement on grounds that the petition failed to meet the requirements for obtaining a declaratory statement under section 120.565, Florida Statutes (2014). We reverse and remand with directions that the PSC consider the petition on the merits and issue a declaratory statement, without expressing any view on the merits ourselves.

The purpose of a declaratory statement is to resolve a controversy or answer questions concerning the applicability of statutes, rules, or orders which an administrative agency enforces, adopts or enters. Fla. Admin. Code R. 28-105.001. In the present case, OPC sought the following declaratory statement:

> Upon intervention in any proceeding affecting rates or cost of service that the Commission processes under proposed agency action (PAA) procedures, Sections 350.0611(1), 366.093(2), 367.156(2), F.S., and Rule 28-106.206, F.A.C., authorize the Office of Public Counsel to conduct discovery prior to the issuance of the Commission's written Notice of Proposed Agency Action.

Citing section 120.565(1), Florida Statutes (2014),[1] OPC asserted that a declaratory statement was "necessitated by inconsistent and conflicting decisions

---

[1] "Any substantially affected person may seek a declaratory statement regarding an agency's opinion as to the applicability of a statutory provision, or of

which ha[d] created doubt for OPC regarding whether, going forward, the [PSC] will enforce OPC's statutory discovery rights in docketed PAA proceedings in which it intervenes . . . ."

Specifically, OPC claimed that three PSC orders explicitly or implicitly recognized its right to obtain discovery in PAA rate cases prior to the issuance of a Notice of PAA,[2] but that one order, the WMSI order,[3] purported to end its ability to conduct discovery before proposed agency action was announced. OPC maintained that the WMSI order departed from the PSC's past practice and "highlight[ed] the need for resolution and consistency going forward."

Utilities, Inc. moved to intervene in the declaratory statement proceeding below, arguing that its interests would be substantially affected by the proceeding because its twelve regulated subsidiaries in Florida regularly sought rate relief (increases) through the PAA procedure. See Fla. Admin. Code R. 28-105.0027. Upon intervention, Utilities, Inc. asked the PSC to reach the merits of OPC's

---

any rule or order of the agency, as it applies to the petitioner's particular set of circumstances."

[2] Under Florida law, a gas, electric, water, or wastewater utility may request the PSC to process its petition for rate relief using the PAA procedure. In a PAA rate case, the PSC must vote on the proposed agency action (PAA) within five months of the filing date. No evidentiary hearing is held unless the PAA is protested. If the PAA is protested, then the PSC must render a final decision on the petition for rate relief within eight months of the filing date of the protest. §§ 366.06(4); 367.081(8), Fla. Stat. (2014).

[3] In re: Application for increase in water rates in Franklin Cnty. by Water Mgmt. Servs., Inc., Docket No. 110200-WU, Order No. PSC-12-0316-PCO-WU (F.P.S.C., June 19, 2012).

petition. But, on the merits, Utilities, Inc. argued that recognizing a right in OPC to conduct discovery in PAA rate cases before the PSC announced proposed agency action would increase rate case expense and exacerbate time pressures already attendant on compressed deadlines for PAA proceedings.

In the order on appeal, the PSC declined to reach the merits of OPC's petition for declaratory statement stating the petition failed to meet the requirements for declaratory statements for four reasons: because the petition for declaratory statement in effect challenged the validity or sought review of the WMSI discovery order; because the petition did not conform to the intent of section 120.565, Florida Statutes; because the petition failed to allege a present, ascertainable set of facts; and because the petition requested a general advisory opinion.

In the WMSI case, Water Management Services, Inc. (WMSI), requested that its application for a rate increase be considered under the PAA procedure. See In re: Application for increase in water rates in Franklin Cnty. by Water Mgmt. Servs., Inc., Docket No. 110200-WU, Order No. PSC-12-0316-PCO-WU, at 1 (F.P.S.C., June 19, 2012). The WMSI discovery order in question disallowed discovery OPC sought in that docket prior to proposed agency action, and was never appealed.

OPC had intervened in the WMSI case, and served formal discovery on WMSI. Id. After WMSI objected to the discovery, OPC filed a motion to establish discovery procedures and to compel WMSI's response to outstanding discovery. Id. at 1–2. The WMSI prehearing officer denied both discovery motions, id. at 2, stating, inter alia:

> There is no "agency action" until the Commission enters its PAA order. Until the time the PAA order is issued, the Commission's staff is engaged in a free-form proceeding outside the scope of the Florida Administrative Procedures Act. As the Commission stated when it denied OPC's request to set WMSI's rate application for a hearing, "we agree with the Utility that Rule 25-22.029, F.A.C., contemplates that it is after the Agenda Conference and issuance of the PAA action that the provisions of Section 120.569 and 120.57, F.S., become applicable."
>
> As is the case for all proposed agency action proceedings, OPC will have the opportunity to address the Commission at the . . . Commission Agenda Conference when the Commission will vote on WMSI's application. If OPC takes issue with the PAA order, OPC will have an opportunity to request a hearing pursuant to Rule 25-22.029, F.A.C. Others whose substantial interests are affected by the proposed agency action may also request a hearing. If a hearing is requested, an order establishing procedure will be entered and discovery parameters will be set, as is the case for all Commission proceedings set for hearing.

Id. (footnotes omitted). OPC's petition for declaratory statement alleges the WMSI order conflicts with statutes, rules, and other PSC orders[4] that recognized OPC's right to conduct discovery before the issuance of the Notice of PAA, but does not seek to set the WMSI order aside in the WMSI case itself.

The PSC complains that OPC is belatedly challenging the validity of the WMSI discovery order even though OPC failed to appeal the WMSI discovery order. We find this claim to be without merit, although we accept the PSC's major premise: The PSC cites the case of Retail Grocers Association of Florida Self Insurers Fund v. Department of Labor & Employment Security, Division of Workers' Compensation, for the proposition that, in a declaratory statement proceeding seeking a declaration regarding a statute, agency rule, or agency order, "'the validity of the statute, rule or order is assumed.'" 474 So. 2d 379, 382 (Fla. 1st DCA 1985) (citation omitted) (emphasis omitted).

We agree that "'the declaratory statement petition is not a vehicle for testing the validity of the [statute or agency actions about] which the declaration is sought.'" Id. (citation omitted) (noting the petitioner argued for the first time on

_____

[4] See In re: Application for increase in water/wastewater rates in Alachua, Brevard, DeSoto, Hardee, Highlands, Lake, Lee, Marion, Orange, Palm Beach, Pasco, Polk, Putnam, Seminole, Sumter, Volusia, & Washington Counties by Aqua Utils. Fla., Inc., Docket No. 100330-WS, Order No. PSC-11-0018-PCO-WS (F.P.S.C., Jan. 5, 2011); In Re: Petition for Rate Increase by Fla. Pub. Utils. Co., Docket No. 080366-GU, Order No. PSC-09-0182-PCO-GU (F.P.S.C., Mar. 27, 2009).

appeal that rules under which the agency purported to act represented "an invalid exercise of delegated legislative authority"). But we do not agree that OPC's petition for declaratory statement in the present case is improperly attempting to secure a belated appeal of the WMSI order in question, as opposed to seeking the PSC's opinion as to whether and when the prohibition against discovery enunciated in the WMSI order applies in future cases.

In short, OPC's petition for declaratory statement is not a collateral attack on the WMSI order: The PSC could take no action on OPC's petition for declaratory statement that would overturn any order entered in the WMSI docket. OPC concedes that the time for appealing the WMSI discovery order has passed, and OPC makes clear that it is seeking the PSC's opinion on the applicability of language in the WMSI order on a "going forward" basis. OPC's petition for declaratory statement does not challenge the validity of the WMSI discovery order as applied to the facts of the WMSI case, a case in which the final order was handed down in May of 2013.[5]

We agree that the PSC is under no obligation to make declaratory statements as to rights being actively litigated either before it in another docket or elsewhere. See ExxonMobil Oil Corp. v. State, Dep't of Agric. & Consumer Servs., 50 So. 3d

---

[5] See In re: Application for increase in water rates in Franklin Cnty. by Water Mgmt. Servs. Inc., Docket No. 110200-WU, Order No. PSC-13-0197-FOF-WU (F.P.S.C., May 16, 2013).

755, 758 (Fla. 1st DCA 2010) ("Florida courts, including this one, have generally held that an administrative agency must decline to provide a declaratory statement when the statement would address issues currently pending in a judicial proceeding."); Gopman v. Dep't of Educ., State of Fla., 908 So. 2d 1118, 1123 (Fla. 1st DCA 2005) ("[T]he rule is that '[d]eclaratory statement proceedings are not properly filed on issues simultaneously litigated in judicial or other administrative proceedings.'" (citation omitted)). There is no indication here, however, that OPC is abusing the declaratory statement process to intrude upon or make an end run around ongoing judicial or administrative proceedings. Indeed, OPC now accepts the order entered in the WMSI proceeding, even while it challenges future application of one rationale for the order as policy incompatible with governing rules and statutes.

Where contradictory orders make applicability of statutes or rules an administrative agency enforces uncertain as to particular circumstances, a declaratory statement may well be appropriate. We reject any contention that a party cannot avail itself of the declaratory statement provision of the Administrative Procedure Act to seek clarification of its rights, duties, and privileges if thrown into doubt by seemingly contradictory orders handed down by an administrative agency.

8

The purpose of the declaratory statement procedure is "'to enable members of the public to definitively resolve ambiguities of law arising in the conduct of their daily affairs or in the planning of their future affairs' and 'to enable the public to secure definitive binding advice as to the applicability of agency-enforced law to a particular set of facts.'" Fla. Dep't of Bus. & Prof'l Regulation, Div. of Pari-Mutuel Wagering v. Inv. Corp. of Palm Beach, 747 So. 2d 374, 382 (Fla. 1999) (quoting Patricia A. Dore, Access to Florida Administrative Proceedings, 13 Fla. St. U. L. Rev. 965, 1052 (1986)); see also ExxonMobil, 50 So. 3d at 757 (same). A declaratory statement of an agency's position may also help a party "avoid costly administrative litigation by selecting the proper course of action in advance." Chiles v. Dep't of State, Div. of Elections, 711 So. 2d 151, 154 (Fla. 1st DCA 1998).

By ruling on the merits of the petition on remand in the present case, the PSC can resolve questions concerning the applicability of language in the WMSI order to other PAA rate cases. The fact that the PSC has refused heretofore to address the implications of the WMSI order, by rule or otherwise, demonstrates the need for such guidance. The PSC ill serves rate payers by insisting that utilities incur the expense of litigating and relitigating this issue in a piecemeal manner before prehearing officers in individual PAA rate cases.

9

A resolution on the merits will enable OPC to plan its future affairs, knowing whether, should it choose to intervene in a PAA rate case, it will (or will not) have the right to conduct discovery before proposed agency action is announced. In addition, OPC's use of the declaratory statement procedure in this case ensures that customers of a particular (perhaps a small) utility are spared having to bear additional rate case expense incurred in litigating an issue of importance to many utilities, as well as to the OPC and to the PSC itself.

The PSC's last two reasons for denying OPC's petition are interrelated: the first is that the petition alleges merely a hypothetical situation rather than a present, ascertainable set of facts; the second is that the petition requests a general advisory opinion. We reject both arguments. The PSC primarily relies on Santa Rosa County v. Administration Commission, Division of Administrative Hearings, 661 So. 2d 1190 (Fla. 1995), and Lennar Homes, Inc. v. Department of Business & Professional Regulation, Division of Florida Land Sales, Condominiums & Mobile Homes, 888 So. 2d 50 (Fla. 1st DCA 2004). See Santa Rosa Cnty., 661 So. 2d at 1192 ("Parties who seek declaratory relief must show that 'there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts . . . .'").

OPC's petition alleges more than a merely hypothetical situation or the mere possibility of a future dispute. In Santa Rosa County, our supreme court stated:

> "Florida courts will not render, in the form of a declaratory judgment,[6] what amounts to an advisory opinion at the instance of parties who show merely the possibility of legal injury on the basis of a hypothetical 'state of facts which have not arisen' and are only 'contingent, uncertain, [and] rest in the future.'"

Id. at 1193 (emphasis omitted) (quoting LaBella v. Food Fair, Inc., 406 So. 2d 1216, 1217 (Fla. 3d DCA 1981)). In concluding that there was no bona fide, actual, or present need for declaratory relief in Santa Rosa County, however, the supreme court relied on the fact that the parties had entered into a settlement agreement, which rendered all issues between them moot. Id.

In contrast, OPC alleged a particular set of circumstances in its petition giving rise to an actual, present need for a declaratory statement. OPC relied on section 350.0611(1), Florida Statutes (2014), which empowers it "to appear, in the name of the state or its citizens, in any proceeding or action before the commission," and to "utilize therein all forms of discovery available to attorneys in civil actions generally, subject to protective orders of the commission . . . ." OPC alleged it had the right to intervene and to conduct discovery in all PSC

---

[6] Because petitions for declaratory statements are similar to petitions for declaratory judgments, "appellate courts are guided by decisions issued under the declaratory judgments statute." Sutton v. Dep't of Envtl. Prot., 654 So. 2d 1047, 1048 (Fla. 5th DCA 1995) (citing Couch v. State, 377 So. 2d 32, 33 (Fla. 1st DCA 1979)).

proceedings, including PAA rate cases, whether or not proposed agency action had been announced. OPC claimed that historically it had intervened in PAA rate cases and initiated discovery "whenever OPC has deemed such formal discovery necessary to carry out its statutory responsibilities," and that the PSC's failure to issue the requested declaratory statement would impair OPC's ability to represent the Citizens of the State of Florida in PAA rate cases, by making OPC's discovery rights the subject of piecemeal litigation. Nobody denies that PAA rate cases are regularly filed.

OPC is properly seeking the PSC's "opinion as to the applicability of a statutory provision, or of any rule or order of the [PSC], as it applies to [OPC's] particular set of circumstances." § 120.565(1), Fla. Stat. Even if regulated utilities may also be affected, it cannot be said that OPC's petition "'seeks an agency's opinion on a purely hypothetical question unrelated to [its] personal situation.'" Inv. Corp. of Palm Beach v. Div. of Pari-Mutuel Wagering, Dep't of Bus. & Prof'l Regulation, 714 So. 2d 589, 594 n. 7 (Fla. 3d DCA 1998) (Cope, J. dissenting) (quoting Dore, 13 Fla. St. U. L. Rev. at 1048), quashed Inv. Corp., 747 So. 2d 374 (Fla. 1999). See Chiles, 711 So. 2d at 154 ("While the issue [raised in a petition for declaratory statement] must apply in the petitioner's particular set of circumstances, there is no longer a requirement that the issue apply only to the petitioner." (comparing current version of section 120.565, Florida Statutes to prior

12

version of statute)); see also Inv. Corp., 747 So. 2d at 383, 385 (same). Whether OPC does or does not have the right to conduct discovery in PAA rate cases when it intervenes, it has alleged a particular set of circumstances in which the concrete question arises.

In Lennar Homes, we held a division of the Department of Business and Professional Regulation should have declined to issue the declaratory statement sought there on the rationale the agency was usurping the authority of courts to adjudicate contractual obligations. 888 So. 2d at 54–55 ("We know of no statute which confers authority on the Division to declare a party's contract void."). Although we recognized that the "authority of the Division to issue declaratory statements is limited by section 120.565 to a determination 'as to the applicability of a statutory provision . . . to the petitioner's particular set of circumstances,'" id. at 53, neither this recitation of the statutory language nor the facts of Lennar Homes support the denial of the petition for declaratory statement in the present case. OPC's petition does not request a general advisory opinion beyond the PSC's authority to issue. Cf. Santa Rosa Cnty., 661 So. 2d at 1193; Fla. Dep't of Ins. v. Guarantee Trust Life Ins. Co., 812 So. 2d 459, 461 (Fla. 1st DCA 2002).

OPC's petition is limited to seeking clarification of its rights, as a creature of statute, to conduct discovery, upon its intervention in PAA rate cases. The PSC's response to the narrow question posed by the petition need not involve rulemaking.

13

See generally Chiles, 711 So. 2d at 154.  OPC alleged that its right to conduct discovery in PAA rate cases had been recognized by the PSC in the past, but had arguably been terminated or restricted by language in the WMSI order, and thus that its discovery rights are now subject to doubt and uncertainty.

Although they take opposite views on the merits, both OPC and Utilities, Inc., urged the PSC to reach the merits of the petition below.  We express no view as to the merits, but agree there is no reason for the PSC not to address the matter of OPC's discovery rights in PAA rate cases prior to issuance of Notices of Proposed Agency Action.  Accordingly, we reverse and remand with directions that the PSC address the petition for declaratory statement on the merits.

Reversed and remanded with directions.

WOLF and RAY, JJ., CONCUR.