NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DAVID B. LAWSON,                    )
                                   )
          Appellant,               )
                                   )
v.                                 )          Case No. 2D15-3902
                                   )
ROBERT FRANK,                      )
                                   )
          Appellee.                )
                                   )
_____    )

Opinion filed August 17, 2016.

Appeal from the Circuit Court for Pasco
County; Linda H. Babb, Judge.

David Lawson, pro se.

No appearance for appellee.

LUCAS, Judge.

          David Lawson appeals an order entered sua sponte by the circuit court that
dismissed his amended complaint.  Because it is clear from the procedural posture of this
case and the face of the order that Mr. Lawson would not be afforded an opportunity to
amend his pleading and that the court had rendered a final adjudication on the merits
based upon its view of Mr. Lawson's lack of standing, we have jurisdiction.  See Eagle v.

Eagle, 632 So. 2d 122, 122-23 (Fla. 1st DCA 1994). We reverse the circuit court's order for the reasons explained below.

The underlying litigation appears to revolve around Mr. Lawson's late mother's house. In his original complaint filed in county court in 2010, Mr. Lawson alleged that the defendant below, Robert Frank, had "unlawfully or forcibly detained" his mother's house. Mr. Lawson, who is presently incarcerated, acknowledged in his pleading that the "property is legally deeded to Geraldine Lawson, Plaintiff's now-deceased mother," but that as his late mother's attorney-in-fact, he was "entitled to possession" of her real property. Mr. Frank submitted a pro se response that discussed, at length, his understanding of a rental arrangement for the property and argued that he was entitled to remain in the house as a tenant. Mr. Lawson later amended his complaint to include a claim for monetary damages. The case was transferred to circuit court based upon the amended complaint's allegations of the amount in controversy.

Over the next several years, Mr. Lawson repeatedly attempted to serve discovery, sought to set matters for hearing, and inquired as to the status of his case. He twice requested to set the case for trial. The second request, filed in 2015, was styled as an "Amended Motion for Trial," in which Mr. Lawson requested the circuit court to convene a telephonic trial. Without convening a hearing, or apparently notifying the parties that the court would review the sufficiency of the amended complaint's allegations, the circuit court entered an Order Denying Amended Motion for Trial and Dismissing Case. In its order, the court denied Mr. Lawson's request to set the case for trial because, according to the court, Mr. Lawson's complaint failed to state a cause of action and Mr. Lawson "does not

2

have standing to file this action." The court dismissed the action with no direction to Mr. Lawson that he could file an amended pleading of any kind.

When the circuit court sua sponte dismissed Mr. Lawson's amended complaint, there was no motion to dismiss pending before the court, no indication from the record that any kind of hearing had been set, and no motion, objection, or defense ever raised as to the sufficiency of the pleading or Mr. Lawson's standing.[1] The dismissal of this complaint, under these circumstances, was plainly erroneous. "When a trial judge sua sponte dismisses a cause of action on grounds 'not pleaded,' the trial judge denies the parties due process because the claim is being dismissed without 'notice and an opportunity for the parties . . . to be heard.' " Barile v. Gayheart, 80 So. 3d 1085, 1087 (Fla. 2d DCA 2012) (quoting Liton Lighting v. Platinum Television Grp., Inc., 2 So. 3d 366, 367 (Fla. 4th DCA 2008)); see also Hancock v. Tipton, 732 So. 2d 369, 372 (Fla. 2d DCA 1999) ("Where an order adjudicates issues neither presented by the pleadings nor litigated by the parties, it denies fundamental due process and must be reversed."); Sanchez v. LaSalle Bank Nat'l Ass'n, 44 So. 3d 227, 228 (Fla. 3d DCA 2010) ("A trial court, however, should not strike a pleading sua sponte on the ground that it is legally insufficient . . . ."). Indeed, the substantive issue underlying the court's ruling—whether Mr. Lawson held sufficient standing to maintain this cause of action—is an affirmative

---

[1]We have carefully reviewed Mr. Frank's response. While we recognize that Mr. Lawson's status as an attorney-in-fact for his late mother may have been legally insufficient for him to assert his own standing for these claims, Mr. Frank did not challenge Mr. Lawson's standing or authorization anywhere within his response. Rather, the response reads in the nature of a generalized answer denying liability. At a minimum, Mr. Lawson should have been afforded an opportunity to amend his pleading if indeed it failed to state a cause of action. See Rohlwing v. Myakka River Real Props., Inc., 884 So. 2d 402, 406 (Fla. 2d DCA 2004).

defense that, unless raised in a responsive pleading, would be deemed waived.  See

Jaffer v. Chase Home Fin., LLC, 155 So. 3d 1199, 1202 (Fla. 4th DCA 2015).  If Mr. Frank

has answered Mr. Lawson's operative complaint and the case is at issue, the circuit

court should set the matter for trial in the ordinary, prescribed course upon either party's

proper filing of a notice for trial.  See Fla. R. Civ. P. 1.440.

Reversed and remanded.


VILLANTI, C.J., and CASANUEVA, J., Concur.