IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

FRED HALL,

      Appellant,

v.                                                Case No. 5D17-334

SOUTHCREEK HOMEOWNERS
ASSOCIATION, INC.,

      Appellee.
_____/

Opinion filed February 9, 2018

Appeal from the Circuit Court
for St. Johns County,
Howard M. Maltz, Judge.

Matthew G. Mercer, Taylor Anne Morgan
and Catie Smith, of Mercer Law, P.A., St.
Augustine, for Appellant.

Rosanne P. Perrine, of Law Office of
Rosanne P Perrine, P.A., Ponte Vedra
Beach, for Appellee.

COHEN, C.J.

Fred Hall filed a fourth-amended, twelve-count complaint against Southcreek Homeowners Association, seeking declaratory and injunctive relief on several issues. The trial court denied all requested relief after a nonjury trial. We affirm in all respects but write to address the denial of counts XI and XII of the complaint.

Hall is a member of the homeowners' association operated by Southcreek.[1] In counts XI and XII of the operative complaint, Hall sought declaratory and injunctive relief based on allegations that there were nonmembers of the association who were paying assessments and casting votes at member meetings. The trial court denied these claims on the merits, concluding that Hall failed to identify the nonmembers or prove how many existed. As an alternative basis for its conclusion, the court found that Hall lacked standing to assert this claim because, although he claimed that having nonmembers voting and paying assessments could subject him to a lawsuit for the return of those assessments, no lawsuit had ever been threatened or filed and thus "[s]uch speculation [was] insufficient to establish standing."

Hall contends that the denial of counts XI and XII should be reversed because the trial court relied on an affirmative defense not raised in the pleadings or otherwise—lack of standing. Hall also argues that he presented sufficient evidence that there are six nonmember lots, nonmembers satisfy the quorum requirements at meetings, and nonmembers have voted on increasing assessments. Southcreek responds that the trial court properly denied these claims on the merits because Hall presented insufficient evidence as to which homeowners were nonmembers of the association.

Hall is correct that the trial court erred in raising the affirmative defense of lack of standing sua sponte. See Lawson v. Frank, 197 So. 3d 1269, 1271 (Fla. 2d DCA 2016) (holding trial court could not sua sponte dismiss complaint for lack of standing; lack of standing is an affirmative defense that must be raised by the parties). However, although

---

[1] Hall is a prior president of Southcreek. He resigned in 2010 in the face of a recall vote.

the court phrased the issue as lack of standing, it properly denied declaratory and injunctive relief based on the speculative nature of Hall's claims. "Florida courts will not render, in the form of a declaratory judgment, what amounts to an advisory opinion at the instance of parties who show merely the possibility of legal injury on the basis of a hypothetical 'state of facts which have not arisen' and are only 'contingent, uncertain, [and] rest in the future.'" Santa Rosa Cty. v. Admin. Comm'n, Div. of Admin. Hearings, 661 So. 2d 1190, 1193 (Fla. 1995) (alteration in original) (quoting LaBella v. Food Fair, Inc., 406 So. 2d 1216, 1217 (Fla. 3d DCA 1981)).

At trial, Hall presented no evidence that any specified nonmember lot was currently casting votes to increase member assessments. There was testimony that in the past, including while Hall was president, the association's policy was to collect assessments from all lots, including nonmembers. During that time, if assessments were collected, the nonmember lots were allowed to vote. However, that testimony was historical, encompassing 2005 through 2010. Likewise, the documentary evidence pertaining to nonmember voting, including Exhibit 38 that lends support for Hall's assertion, was undated. There was no evidence that as of the time of trial, nonmember lots were allowed to cast votes to increase member assessments. Nor was there any evidence that there were any impending legal issues with nonmembers concerning the collection of assessments. Accordingly, the trial court properly denied declaratory and injunctive relief in counts XI and XII.

AFFIRMED.

PALMER and LAMBERT, JJ., concur.

3